Robert LUKENS, a/k/a R. E. Lukens, and
Geraldine Lukens, Appellants
(Defendants below),

v.

Sam C. GOIT, Appellee (Plaintiff below).

No. 3582.

Supreme Court of Wyoming.

Aug. 1, 1967.

Tosh Suyematsu, Cheyenne, for appellants.

Donald N. Sherard, Wheatland, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Plaintiff brought an action against the defendants for a money judgment. The complaint was in two counts. The first count declared upon a note dated January 27, 1965, in the sum of $2100, together with interest, which was signed by the defendants as makers and made payable on demand to the plaintiff. The face of the note bore the notation "Wages from May 4, 1964 to Jan. 2, 1965." In answer to the first count the defendants admitted execution and delivery of the note; alleged tender of payment in a just and true amount had been made and refused by plaintiff; and by way of an affirmative defense alleged, in substance, that the note was not intended to be absolute but was conditional in that it was subject to deduction for income taxes and social security contributions which defendants were obligated to withhold.

The second count, as amended, alleged that pursuant to an oral agreement plaintiff was employed continuously during the period January 2, 1965, to October 29, 1965, inclusive, except for two weeks' vacation, the same being the continuation of a prior existing oral agreement of employment and for which there was due plaintiff the sum of $2713.20. It was further alleged in the alternative that plaintiff had performed services for defendants during that period and under defendants' direction and that defendants were indebted to plaintiff for the amount stated above, "which is the reasonable value of said services, which plaintiff claims." The answer of defendants to this count denied each and every such allegation and by way of an affirmative defense alleged that after January 2, 1965, the services of the plaintiff were terminated but defendants gave plaintiff oral permission to come upon the premises and occupy himself during the time the defendant Robert Lukens was present and also gave to plaintiff "the use of the machinery, equipment and utilities for puttering around and for any small chores he chose or was willing to favor the Defendants," and that subsequent to said date there was no agreement or promise of the defendants to employ and pay plaintiff.

Upon trial of the case the trial court found generally for the plaintiff and against the defendants and entered judgment on the first count in the sum of $2100, and on the second count in the sum of $2362.50, and from that judgment the defendants appeal.

By way of general information concerning the entire controversy, the record discloses that for several years prior to 1961 plaintiff was the owner of a business carried on as an Allis-Chalmers agency near Wheatland, Wyoming, and also maintained a shop in connection therewith for blacksmithing and the repair of machinery. In 1961 plaintiff, who was then some 73 years of age, sold his business and retired. Defendant Robert Lukens, an industrial and manufacturing engineer who had engaged in that type of work for several years in the East, came to Wheatland in July 1962 for the purpose of commencing a business in his line of work, and according to Lukens the plaintiff approached him for employment, advising that he had retired from his own business, was widowed, "and needed something to keep him occupied." Thereupon defendants put plaintiff to work in renovating a building that was to be used for their business, and the employer-employee relationship continued for some time thereafter. Plaintiff testified that throughout his employment by defendants, which the trial court impliedly found ended on October 29, 1965, the

matter of wages was never discussed and no fixed amount on an hourly, weekly, or monthly basis was ever agreed upon. When asked if it weren't true that every so often he would ask defendants to pay what he thought he had coming, he answered, "No," and said, "We didn't agree on nothing on wages. He just paid me. He set the wages himself." While plaintiff's version of the wage arrangement is somewhat conflicting with Lukens' version and that conflict was resolved in plaintiff's favor, it is nevertheless undisputed that from July 1962 to January 2, 1965, the defendants, at irregular intervals, recognized that a certain amount of wages was due plaintiff and they would meet that obligation by tendering a check for a certain amount, less the withholding above mentioned, or would deliver to plaintiff a demand note for the wages due. When such notes were paid the defendants would add to the principal the amount of interest due and then deduct for the withholding. That arrangement was satisfactory to and accepted by the plaintiff until the present controversy came into being.

■ In our consideration of the contentions of the parties with respect to the first count, the foregoing general statement must be supplemented to some extent. The defendant Robert Lukens testified that in January 1965, after plaintiff had returned from a vacation in California, the parties had a discussion concerning the amount due plaintiff, which the witness said was prompted by his desire to make a settlement inasmuch as that had not been done for some time. In fact, as we understand the record, no settlement had been made since March 1964. According to Lukens, the plaintiff thereupon produced some figures and said he had $6000 coming. Although plaintiff denies that such a conversation occurred, he did admit that on January 27, 1965, he was given a check in the sum of $3592.99, which the record reflects represented the amount due after withholding on a gross wage of $3900. At the same time he also accepted the note

here in question in the sum of $2100, which bore a notation that it also was for wages. When these circumstances are considered, together with plaintiff's own insistence that it was Robert Lukens who "set the wages" to be paid, we think there is no merit in plaintiff's argument that the note represented anything more than the balance of the $6000 gross wage that defendants agreed was due plaintiff in January 1965, and no inference could be drawn to the contrary.

Nevertheless, plaintiff strenuously argues that the note was absolute as to the amount to be paid and to subject it to withholding taxes would contravene the rule against alteration of the terms of a written instrument by parol evidence. In attempting to meet this argument defendants strongly contend that the note was conditioned as noted above and consequently the intention of the parties as to withholding could be shown by parol. As we view it, neither contention is of significance in disposing of the claimed error of the trial court in refusing to make any such deduction from the face amount of the note.

■ Where, as here, there is an employer-employee relationship involving the payment of wages, the employer is duty bound and legally obligated to withhold from wages and pay over to the Internal Revenue Service the amounts prescribed by the Internal Revenue Code and liability attaches whether or not the employer fulfills the obligation. United States Fidelity & Guaranty Co. v. United States, 10 Cir., 201 F.2d 118, 119–120; United States v. Crosland Construction Company, 4 Cir., 217 F.2d 275, 277; American Fidelity Co. v. Delaney, D.C.Vt., 114 F.Supp. 702, 711–712; Internal Revenue Code of 1954, 26 U.S.C.A., §§ 3402 (a) and 3403. The employer's failure to perform may result in severe penalties, and an employee is absolved from payment even though an employer fails to remit as required. Bolme v. Nixon, D.C.Mich., 239 F.Supp. 907, 911. The liability is imposed on the employer by virtue of the law and not by contractual arrangements between

the parties, United States Fidelity & Guaranty Co. v. United States, supra. Under the statutory scheme related it seems clear that the duties of an employer and the duties of an employee are somewhat reciprocal. The employer is duty bound to withhold and to pay taxes on behalf of the employee and the employee is duty bound to accept in satisfaction of his claim for wages against the employer the net amount due after withholding. Authorities reaching that result are Johnson v. United States, 9 Cir., 160 F.2d 789, 797, affirmed in part and reversed in part on other grounds 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468, motion to recall mandate denied 333 U.S. 865, 68 S.Ct. 788, 92 L.Ed. 1143; and P. C. Pfeiffer Company v. The Pacific Star, D. C.Va., 183 F.Supp. 932.

With the foregoing in mind we turn to the affirmative defenses of the defendants to the first count. We treat as surplusage the allegations that the note was conditional and turn to the allegations that plaintiff understood that taxes and social security contributions would be withheld; that defendants were obligated to withhold the amounts accrued for such purposes; and that the total amount to be withheld was in the sum of $310.80, leaving the amount to be paid plaintiff—after the addition of interest—the sum of $1900.50, for which tender had been made and which plaintiff refused to accept.

Counsel for defendants refers to the defense as a claim for an "offset," or in other words a claim for "setoff." Had defendants asserted such defense as a counterclaim, which might well have been done under Rule 13(a), W.R.C.P., inasmuch as it grew out of the same transaction, 1A Barron and Holtzoff, Federal Practice and Procedure, § 393, p. 560 (1960), any distinction as to its nature would not be particularly important. That, however, was not done. The question then is whether the allegations sufficiently stated a meritorious defense. We think they did—not necessarily as a claim for setoff but more particularly as an affirmative defense by way of recoupment as to plaintiff's first count, and such a plea was proper even though defendants did not elect to set it forth as a counterclaim. Desjardins v. Desjardins, D.C.Ky., 193 F.Supp. 210, 215, modified on other grounds 6 Cir., 308 F.2d 111.

In Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 67 S.Ct. 271, 272, 91 L. Ed. 296, a case often cited with respect to the doctrine, it was said:

"* * * The essence of the doctrine of recoupment is stated in the Bull case; 'Recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded.' [Bull v. United States,] 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421. It has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole."

The Supreme Court of Oregon in Rogue River Management Company v. Shaw, Or., 411 P.2d 440, 442, defined it in this fashion:

"* * * '"Recoupment" [which was a defense of common law] is defined to be "the keeping back and stopping something which is due."' Krausse v. Greenfield, 61 Or. 502, 507, 123 P. 392, 394, Ann.Cas.1914B, 115. The term is of French origin and means the 'cutting back' of the plaintiff's claim by the defendant. Recoupment is confined to matters arising out of and connected with the transaction upon which the action is brought. 1 Bancroft, Code Pleading § 352."

See also 20 Am.Jur.2d, Counterclaim, Recoupment, and Setoff, § 6, p. 231, and § 69, p. 286.

While most of the cases involving the doctrine are concerned with actions on contracts, including actions by a laborer for wages, Stanley v. Clark, D.C.N.H., 159 F.Supp. 65, 66, there is no sound reason

for rejecting it here simply because plaintiff sued on the note. Plaintiff was not a holder in due course and under § 3–306(b), Uniform Commercial Code, Ch. 219, S.L. of Wyoming, 1961 [§ 34–3–306(b), W.S. 1957, 1965 Cum.Supp.], his claim was subject to "all defenses of any party which would be available in an action on a simple contract." We have already shown that the note grew out of the same transaction in an employer-employee relationship and that there were reciprocal duties with respect to the withholding. To relieve plaintiff of his obligation would most likely subject defendants to a double liability for the amount involved. The defense by way of recoupment furnished a simple and direct method of avoiding such an unjust result and we hold that the trial court erred in concluding to the contrary. The case will be remanded to the trial court with directions to ascertain the correct amount due plaintiff on the first count after deduction for withholding and to modify the judgment accordingly.

In reaching this result we have not overlooked the implied ruling of the trial court that defendants' failure to prove their plea of tender apparently on the ground that the tender went beyond satisfaction of the note, but that would not detract from the facts alleged and proved that gave rise to defendants' right of recoupment.

■■■ Directing attention to the second count, which declared on an express oral agreement or in the alternative on quantum meruit, we think little need be said. Plaintiff was entitled to plead his claim in such a manner, and the fact that he was unable to prove a sufficiently explicit definite oral agreement did not prevent recovery in quantum meruit for services rendered. E. D. Metcalf Co. v. Gilbert, 19 Wyo. 331, 116 P. 1017, 1020; Castor v. Rice, 71 Wyo. 99, 254 P.2d 189, 192. The fact that the amount plaintiff was to be paid was not definitely fixed is not important where recovery is sought on quantum meruit. Hay v. Peterson, 6 Wyo. 419, 45 P. 1073, 1075, 34 L.R.A. 581.

■■■ Some argument is also advanced with respect to plaintiff's termination of the employment, but any argument in that regard overlooks the evidence that the employment here was a "hiring at will" and the plaintiff or defendants were free to terminate the employment at any time. Long v. Forbes, 58 Wyo. 533, 136 P.2d 242, 245, 158 A.L.R. 224; Casper Nat. Bank v. Curry, 51 Wyo. 284, 65 P.2d 1116, 1120, 110 A.L.R. 360.

■■■ Actually, the defendants have bottomed their attack upon the evidence relating to the terms and conditions of the alleged employment. The dispute centers on the relationship that existed between the parties after January 2, 1965. The defendants seem to insist that the testimony of Robert Lukens giving his understanding of the arrangement with plaintiff during that period, as set forth in the answer, was clear and convincing and inferences to the contrary could not be drawn. We point out, however, that this testimony was in direct conflict with the testimony of the plaintiff and we accept the determination made by the trial court, which the record discloses was sustained by substantial evidence. Plaintiff testified that he was on the premises from 7 a. m. until 6 p. m. with an hour off for lunch on each working day during the period except for the vacation above mentioned, rendering services for the defendants during that time with the expectation that he would be paid even though no definite agreement as to the amount had been fixed. Also, he said he was never told that he would not be paid. In addition to that the trial court in keeping with the arrangements existing prior to that time could, of course, infer that the services were not gratuitous and plaintiff was to be compensated for such services.

■■■ Although defendants argue that there was no evidence from which the trial court could fix the amount, we disagree. The plaintiff testified that his services were reasonably worth $275 per month, and in addition thereto the trial court was free to consider the evidence with respect

to the settlements made between the parties at irregular intervals prior to January 2, 1965. Roberts v. Roberts, 64 Wyo. 433, 196 P.2d 361, 369, rehearing denied 197 P.2d 697. Suffice it to say that the amount fixed by the trial court was well within the rate of the wages paid plaintiff during that period.

For the reasons stated the judgment on the second count is affirmed and the case will be remanded to the trial court for further proceedings with respect to the judgment on count one consistent with the views herein expressed.

Affirmed in part and remanded for further proceedings.