**John ROMPF, Appellant (Plaintiff),**

**v.**

**JOHN Q. HAMMONS HOTELS, INC., a Missouri corporation and Sugarland Enterprises, a Partnership consisting of Homer Scott, Jr., and John Q. Hammons, Appellees (Defendants).**

No. 84–7.

Supreme Court of Wyoming.

Aug. 6, 1984.

Rex O. Arney of Redle, Yonkee & Arney, Sheridan, for appellant.

Kim D. Cannon of Burgess & Davis, Sheridan, for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROSE, Justice.

This dispute centers around an oral contract for employment. Appellant-employee claims that his termination after only six weeks of employment with the appellees constituted a breach of contract for which he is entitled to an award of damages. The trial court, after interpreting the express terms of the contract and considering the propriety of implying certain terms, granted appellees summary judgment as a matter of law. We will affirm.

## FACTS

Appellant John Rompf resigned from his position as vice-president and general manager of Frickey's Heating and Air Conditioning, Inc. (Frickey's), where he had been employed since 1969, when he was offered the job of chief engineer at the new Holiday Inn in Sheridan. The Holiday Inn is owned by Sugarland Enterprises and is managed by John Q. Hammons Hotels, Inc. Both organizations are appellees before this court.

In changing employment, Rompf took a pay cut but expected a "better opportunity" with the Holiday Inn. However, he had neither a written contract with the Holiday Inn specifying the terms of employment nor any oral guarantee that his employment would be for a specific period. Rompf stated in his deposition that the management gave no indication through conduct or statement that he would have this position for life.

Rompf began his job at the Holiday Inn on August 16, 1982. At a meeting on August 24, Rompf received a copy of the employee manual which outlined the benefits, probation period and disciplinary measures as well as other job-related information. Rompf performed his duties and was never informed of any dissatisfaction with his work pursuant to the measures delineated in the manual. On September 29, 1982, Rompf's employment with the Holiday Inn was terminated for economic reasons.

Appellant's amended complaint sets forth four claims against Sugarland Enterprises and John Q. Hammons Hotels, Inc. The first and third counts allege that the appellees breached an implied covenant of good faith and fair dealing in Rompf's contract by terminating his position without "just or sufficient cause and without taking all practical steps to salvage [his] employment." The second claim alleges that the appellees breached the terms of Rompf's employment contract set forth in the employee manual. In the final claim, appellant alleges malicious and intentional conduct on the part of appellees and seeks $100,000 in punitive damages. Rompf claims $362,440 in compensatory damages—the amount he would have earned between his termination date and age 65.

In granting appellees' motion for summary judgment, the district court judge found no evidence supporting a contract for lifetime employment. He also found that the employee manual did not contribute to the "basis of the bargain" between the parties, and that even if the manual provisions were incorporated into the contract, they had no application to this case. The judge declined to imply a covenant of good faith and fair dealing in appellant's employment contract, concluding that the situation failed to present the kind of major policy considerations which would warrant imposing such a duty.

## STANDARD OF REVIEW

 When reviewing an order for summary judgment, this court

" * * * views the record in the light most favorable to the party against whom the summary judgment was entered, giving to that party the benefit of all favorable inferences which can be drawn from any of the materials which are submitted in support of or in opposition to the motion." *Schepps v. Howe*, Wyo., 665 P.2d 504, 506 (1983), and cases cited therein. Our duty is the same as that of the district court, and the propriety of summary judgment depends upon the dual findings that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law. *Schepps v. Howe*, supra, 665 P.2d at 506; *Blackmore v. Davis Oil Company*, Wyo., 671 P.2d 334, 336 (1983); *Reno Livestock Corporation v. Sun Oil Company (Delaware)*, Wyo., 638 P.2d 147, 150 (1981).

In the instant case, the basic facts are undisputed. Appellant contends, however, that the ultimate facts and legal conclusions which flow from these facts justify a finding that appellees breached his employment contract and that he is entitled to damages. For appellant's argument to succeed, this court would need to modify the "at will" rule with respect to employment contracts.

## THE "AT WILL" EMPLOYMENT CONTRACT

█ Historically, the rule in Wyoming has been that employment for an indefinite period may be terminated by either party at any time and for any reason without incurring liability. *Lukens v. Goit*, Wyo., 430 P.2d 607, 611 (1967); *Long v. Forbes*, 58 Wyo. 533, 136 P.2d 242, 246, 158 A.L.R. 224 (1943); *Casper National Bank v. Curry*, 51 Wyo. 284, 65 P.2d 1116, 1120–1121, 110 A.L.R. 360 (1937). In recent years many jurisdictions have recognized exceptions to this "at will" rule, based on public-policy considerations or implied-contract terms, including the duty of good faith and fair dealing. *Novosel v. Nationwide Insurance Company*, 721 F.2d 894 (3rd Cir.

1983); Note, *Protecting Employees at Will Against Wrongful Discharge: The Public Policy Exception*, 96 Harv.L.Rev. 1931, 1935 (June, 1983). Appellant urges this court to update the law of employment contracts in this state and to recognize an enforceable contract claim in discharge cases. He presents three alternative bases for such a claim under the present factual situation:

1. Appellees breached the covenant of good faith and fair dealing, inherent in every contract, when they discharged appellant instead of one of the subsequently hired employees under his supervision;

2. Dismissal violated the permanent or lifetime employment contract which arose as a result of the consideration supplied by appellant's relinquishment of a prior long-term position which afforded substantial fringe benefits; and

3. Appellees breached provisions in the employee manual which were part of the employment contract and which afforded appellant certain protections and remedies.

Without deciding whether we might, in an appropriate situation, be persuaded to recognize an exception to the "at will" rule, we conclude that the present case fails to present any factual justification for the modifications urged by appellant.

*Implied Covenant of Good Faith and Fair Dealing*

█ A number of jurisdictions have recently held that at-will employment contracts, like other contracts, contain an implied covenant of good faith and fair dealing in their performance or enforcement. *Mitford v. de Lasala*, Alas., 666 P.2d 1000 (1983); *Gates v. Life of Montana Insurance Company*, Mont., 638 P.2d 1063 (1982); *Cleary v. American Airlines, Inc.*, 111 Cal.App.3d 443, 168 Cal.Rptr. 722 (1980); *Fortune v. National Cash Register Company*, 373 Mass. 96, 364 N.E.2d 1251 (1977).[1] These courts have looked at the

---

1. Several courts also have been willing to recognize a cause of action in tort where the discharge of an employee violates fundamental principles of public policy. *Tameny v. Atlantic*

circumstances surrounding the employee's dismissal and the duration of his employment in determining whether the employee stated a valid claim for breach of contract. In *Mitford v. de Lasala*, supra, and *Fortune v. National Cash Register Company*, supra, the courts held that the duty of good faith inherent in an at-will employment contract prohibited an employer from dismissing a long-term employee in order to prevent his sharing in profits or collecting commissions pursuant to the contract. In *Gates v. Life of Montana Insurance Company*, supra, and *Cleary v. American Airlines, Inc.*, supra, the courts overturned summary judgments against employees who alleged that their employment contracts for indefinite terms had been terminated contrary to established termination procedures.

Appellant in the instant case agrees that legitimate economic concerns motivated appellees to reduce the Holiday Inn staff. Appellant contends, however, that appellees breached an obligation of good faith when they dismissed him rather than one of the three individuals hired after appellant and subordinate to him. Rompf asserts that appellees' knowledge that he relinquished a long-term job with accumulated benefits to take the new position compounds their bad faith. No cases are cited and we are aware of none which support appellant's position that concepts of good faith require an employer facing budgetary constraints to retain a particular employee of six weeks under an at-will contract. To the contrary, those courts which recognize an implied covenant of good faith in employment contracts also emphasize the employer's right to act in accordance with legitimate business interests:

"We do not question the general principles that an employer is entitled to be motivated by and to serve its own legitimate business interests; that an employer must have wide latitude in deciding whom it will employ in the face of the uncertainties of the business world; and that an employer needs flexibility in the face of changing circumstances. We recognize the employer's need for a large amount of control over its work force." *Fortune v. National Cash Register Company*, supra, 364 N.E.2d at 1256.

We conclude that appellant's evidence fails to suggest that his dismissal constituted a violation of the good-faith duty imposed upon employment relationships in other jurisdictions. We will reserve a decision on the viability of this doctrine in this state until a proper case is before us.

## Consideration for Permanent Employment

■ Appellant contends that an "at will" employment situation may be converted to permanent employment [2] where the employer knows that the prospective employee left his former position because of a permanent employment opportunity. Appellant cites several cases, all of which hold that an employee who leaves one position furnishes sufficient consideration to support a promise of permanent employment in a new position. *Rowe v. Noren Pattern and Foundry Co.*, 91 Mich.App. 254, 283 N.W.2d 713 (1979); *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal.App.3d 91, 127 Cal.Rptr. 222 (1976); *Brawthen v. H & R Block, Inc.*, 52 Cal.App.3d 139, 124 Cal.Rptr. 845 (1975); *Collins v. Parsons College*, Iowa, 203 N.W.2d 594, 60 A.L.R.3d 218 (1973).

*Richfield Company*, 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330, 9 A.L.R.4th 314 (1980) (employee wrongfully dismissed for refusing to participate in an illegal price-fixing scheme); *Nees v. Hocks*, 272 Or. 210, 536 P.2d 512 (1975) (employee discharged for complying with jury duty stated valid claim against employer); *Frampton v. Central Indiana Gas Company*, 260 Ind. 249, 297 N.E.2d 425, 63 A.L.R.3d 973 (1973) (employee wrongfully dismissed for filing a worker's

compensation claim). Appellant's theory on appeal does not depend on this line of cases.

2. Permanent employment has been defined as employment which continues " 'indefinitely, and until one or the other of the parties wish, *for some good reason*, to sever the relation.' " *Pugh v. See's Candies, Inc.*, 116 Cal.App.3d 311, 171 Cal.Rptr. 917, 924 (1981), quoting from *Lord v. Goldberg*, 81 Cal. 596, 601–602, 22 P. 1126 (1889).

While it is true that appellant in the instant case gave up a Thirteen-and-one-half year management-level position with Frickey's, he did not do so as a result of assurances that he would have a permanent or lifetime position with Holiday Inn. Appellant presents no evidence of any representations by appellees that his new position carried permanent-employment status. Relinquishment of a prior responsible position, without more, is insufficient to create a permanent-employment contract and we agree with the trial court's conclusion to that effect.

*Employee Manual*

■ Appellant contends that the employee manual that he received a week after he began working for the Holiday Inn became part of his employment contract and afforded him certain protections which appellees violated in connection with his dismissal. The trial court determined that the handbook provisions cited by appellant either furnished no guarantees of permanent employment or were not violated by appellees.

The authorities are split as to whether procedures and policies set out in an employee handbook give rise to rights under the employment contract. See, e.g., *Toussaint v. Blue Cross & Blue Shield of Michigan*, 408 Mich. 579, 292 N.W.2d 880 (1980) (manual gave rise to contractual rights even though employee learned of its existence after his hiring); *Gates v. Life of Montana Insurance Company*, supra, 638 P.2d at 1066 (handbook distributed subsequent to hiring did not become part of employee's contract). We need not decide this issue to dispose of the instant case, however, because none of the cited manual provisions offer comfort to an employee dismissed in response to economic adversity. We emphasize that nothing in the record suggests that the hotel's budget concerns were a pretext.

Appellant claims that appellees violated two specific sections of the manual, one entitled "Disciplinary Memos" and the other, "Probationary Period." The written warnings to an erring employee required under the "Disciplinary Memos" section have no application to the facts at hand, since the inn's management faced a financial, not a disciplinary, problem.

The "Probationary Period" provision contemplates a written evaluation of the employee's performance after 30 days of employment:

> "All employees hired are on a 30-day probationary period. After this time, your Department Head will evaluate you in writing, to determine your suitability for continued employment and make suggestions and requirements for you to use as a tool for improvement."

Rompf contends that appellees' failure to evaluate him within his six weeks of employment constitutes an actionable breach of contract.

Even if it were reasonable to expect the department heads of a newly opened hotel to have evaluated the many recently hired employees within six weeks, an exemplary report would not have prevented appellees from dismissing Rompf for economic reasons. Thus, the alleged breach of this particular section did not cause damages to the appellant. We have found no provision in the manual governing staff reductions brought on by declining revenues. In short, appellant's evidence fails to support his contention that appellees breached the terms of the employee manual in discharging him to ease economic problems.

Appellant has proposed three bases upon which to modify the "at will" rule concerning employment contracts. Appellant's evidence, however, fails to support application of any of these doctrines. We conclude, therefore, that appellees are entitled to prevail as a matter of law with respect to appellant's claim of breach of his employment contract.

The summary judgment is affirmed.