Ronald W. ALEXANDER,
Appellant (Plaintiff),

v.

PHILLIPS OIL COMPANY, a subsidiary
of Phillips Petroleum Company,
Appellee (Defendant),

John Whitmire, Defendant.

No. 85–28.

Supreme Court of Wyoming.

Oct. 23, 1985.

H.W. Rasmussen and Clay B. Jenkins of Badley and Rasmussen, P.C., Sheridan, signed the brief on behalf of appellant; oral argument by Mr. Jenkins.

Kim D. Cannon of Burgess & Davis, Sheridan, signed the brief and appeared in oral argument on behalf of appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

This appeal is from a summary judgment entered against appellant in his action for

wrongful termination of employment from his position of field supervisor over the Douglas Gathering System of appellee. Appellant words the issues on appeal:

"THE EMPLOYMENT AT WILL DOCTRINE SHOULD BE JUDICIALLY ABOLISHED AS CONTRARY TO THE LAW OF CONTRACT AND THE OBLIGATION OF GOOD FAITH.

"THE DISTRICT COURT ERRED IN GRANTING SUMMARY JUDGMENT IN SPITE OF UNRESOLVED ISSUES OF FACT."

We recently settled the issue relating to the at will doctrine in *Rompf v. John Q. Hammons Hotels, Inc.,* Wyo., 685 P.2d 25 (1984); *Allen v. Safeway Stores, Inc.,* Wyo., 699 P.2d 277 (1985); *Siebken v. Town of Wheatland,* Wyo., 700 P.2d 1236 (1985); and *Mobil Coal Producing, Inc. v. Parks,* Wyo., 704 P.2d 702 (1985). We said in *Siebken v. Town of Wheatland,* supra, at page 1237:

"* * * An employee may resign from employment under an at-will contract at any time without cause, and an employer may discharge an employee under an at-will contract at any time without cause. Also see *Lukens v. Goit,* Wyo., 430 P.2d 607 (1967); *Long v. Forbes,* 58 Wyo. 533, 136 P.2d 242, 158 A.L.R. 224 (1943); *Casper Nat. Bank v. Curry,* 51 Wyo. 284, 65 P.2d 1116, 110 A.L.R. 360 (1937). * * *"

Accordingly, appellant's first issue requires no further discussion.

 A summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), W.R.C.P. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of the cause of action. *Johnson v. Soulis,* Wyo., 542 P.2d 867 (1975). The burden of showing the absence of a genuine issue of a material fact is on the party moving for a summary judgment, and the record is reviewed by giving to the party

opposing the motion all favorable inferences to be drawn from the facts contained in the material submitted in connection with the motion. *Hyatt v. Big Horn School District No. 4,* Wyo., 636 P.2d 525 (1981); *Bancroft v. Jagusch,* Wyo., 611 P.2d 819 (1980).

 If appellant's employment was at will, he could have been discharged without cause. *Allen v. Safeway Stores, Inc.,* supra; *Mobil Coal Production, Inc. v. Parks,* supra. A summary judgment would then be proper, the action being for "wrongful" discharge. In this case, appellee had issued a handbook which changed the status of appellant's employment. The trial court did not have the benefit of our opinion in *Mobil Coal Producing, Inc. v. Parks,* supra, wherein we said at page 704:

"In *Carlson v. Bratton,* supra [681 P.2d 1333 (1984)], we said at page 1339:

"'Absent a discrimination amounting to a violation of civil rights, a person does not have tenure in employment unless such tenure is established by statute or by contract or by rules and regulations pursuant to statute *or by rules and regulations having the force of a contract.* * * *' (Emphasis added.)

"The question here, then, is whether or not appellant's handbook set forth rules and regulations having the force of a contract, and, if so, did appellee violate the terms thereof. * * *" (Footnote omitted.)

We then reviewed the provisions of the handbook and said at page 706:

"Not only does the tenor of the foregoing reflect the necessity for the existence of cause for discharge, but it specifically requires such. The essential requirement of an at will employment is thus missing.

"This is not to say that the existence of a handbook or employer's manual will make employment other than at will in all instances. Each case must be con-

sidered on its own merits. Some handbooks or manuals may not contain provisions which negate the employment at will. Some handbooks or manuals may be ambiguous or may not have apparent meaning, making the determination of their effect on at will employment a question of fact. Normally, the construction and interpretation of a contract is for the court as a matter of law. *Rouse v. Munroe*, Wyo., 658 P.2d 74, 77 (1983); *Amoco Production Company v. Stauffer Chemical Company of Wyoming*, Wyo., 612 P.2d 463, 465 (1980). If the meaning of a contract is ambiguous or not apparent, it may be necessary to determine the intention of the parties from evidence other than the contract itself, and interpretation becomes a mixed question of law and fact. *Goodman v. Kelly*, Wyo., 390 P.2d 244, 247 (1964)."

In this case, two of appellee's publications which were before the court as exhibits in connection with the motion for summary judgment were a "YES" booklet [1] and portions of the "Disciplinary Procedures Manual for Supervisors." The YES handbook was distributed to all employees, and it treated most aspects of employer-employee relations, such as hours of work, promotions, transfers, vacations, holidays, leaves of absence, terminations, etc. It provided in pertinent part:

"Phillips management realizes that you can work with a greater sense of security and more easily visualize your personal opportunities if you understand the company's organization, its policies and the benefits it offers you in addition to your regular wages and promotional advancements.

"This booklet was prepared to provide you with some of this information. It applies, with certain exceptions, to regular employees * * *. The policies in this booklet apply to employees of these corporations except:

"where provisions in working agreements, state or local laws replace them, and

\* \* \* \* \* \*

"This booklet is an informal discussion of your company and its policies as they concern you. It is intended to be used only as a general guide for benefits and policies as they may exist from time to time. The company retains the right to improve, discontinue, modify and/or interpret all or part of such policies and the contents of this booklet at any time without the prior knowledge or consent of the employee. * * *

\* \* \* \* \* \*

" * * * Your job, whether in an office, plant, laboratory or in the field, is important to company progress. * * *

\* \* \* \* \* \*

"Terminations

"The company normally expects to furnish continuous employment to its employees. However, any employee service can be terminated, with or without cause, at any time, at the option of either the company or the employee. In the usual situation, your employment with Phillips may end in one of several ways:

"Resignation. * * *

"Retirement. * * *

"Lay-Off. * * *

"Discharge. Employees may be discharged for cause. This includes, among other things, smoking in prohibited areas, insubordination, unsatisfactory work, falsification of records, undesirable actions or excessive absenteeism. Employees discharged for cause establish unsatisfactory service records and consequently are not desired for re-employment in company operations.

"Disability. * * *

"Death. * * *."

---

**1.** "YES" for "Your Extra Security."

The portions of the Disciplinary Procedures Manual for Supervisors were distributed only to supervisors, including appellant. They provided in pertinent part:

## "I. INTRODUCTION

"When all other methods of employee communication fail, discipline is used as the treatment intended to correct violations of working rules/policies or unacceptable conduct and bring about a change in an individual's work performance and/or work attendance. The following procedures were formulated to ensure fair and equitable treatment of all employees and to provide necessary documentation in the event a third party, such as an arbitrator in union situations, Equal Employment Opportunity Commission in discrimination investigations, or others, should become involved. While the manual was written to apply to non-exempt and field hourly employees in accordance with the Federal Wage and Hour Law, it is also intended to apply to all employees, regardless of classification or job grade. It provides special procedures to follow in most cases; however, you may encounter situations that require you to vary somewhat from the procedures and guidelines provided herein.

\* \* \* \* \* \*

## "V. DISCHARGE

"Discharge is not a step of the Progressive Discipline Procedure.[2] Discharge is the action taken after application of the progressive steps has failed to bring about a positive change in performance. Discharge also occurs when an employee commits an offense so serious that continued employment cannot be tolerated. Offenses such as stealing or drunkenness on the job are regarded as so serious that no warning or prior disciplinary action need precede discharge."

There is no ambiguity in the foregoing with reference to the fact that the "YES" handbook applied to appellant even though he was a supervisor, a salaried position, and one whose pay was not calculated on an hourly basis. A nonsupervisory employee may not have been able to rely on the contents of the Disciplinary Procedures Manual in determination of his employment at will status since it was not issued to him and the representations therein were not known to him, but it was issued to appellant and the representations contained therein could have been relied upon by him in his decision to continue employment with appellee.

There is an inconsistency in the foregoing with reference to the question as to whether or not appellee has represented that discharge can only be for cause. The "YES" handbook recites that "any employee service can be terminated, with or without cause." However, it specifically lists causes for which discharge will occur. The handbook provisions in this case differ from those in *Mobil Coal Producing, Inc. v. Parks*, supra, wherein there was no assertion for discharge without cause. We there said:

"Not only does the tenor of the foregoing [handbook provisions] reflect the necessity for the existence of cause for discharge, but it specifically requires such. The essential requirement of an at will employment is thus missing."[3] 704 P.2d at 706.

Except for the recitation in the "YES" handbook that termination can be "with or without cause," the tenor of the "YES" handbook and of the Disciplinary Procedures Manual reflect necessity of cause for discharge. Add to that the circumstances

---

**2.** The portion of the Disciplinary Procedures Manual for Supervisors containing the Progressive Discipline Procedure was not before the trial court.

**3.** *Mobil Coal Producing, Inc. v. Parks*, supra, did not come to us on a summary judgment. Factual determinations had been made after a trial to the court.

under which appellant was discharged, and the intent on the part of appellee to discharge only for cause is fortified. Appellee used extreme methods to establish the existence of a cause for discharge. It placed a surveillance on appellant to verify his presence at liquor establishments during daytime hours and to determine if he was carrying on company business during such time. This is not to say that an at will employee cannot be discharged for cause or, said another way, that a discharge for cause, in itself, is evidence of employment other than at will. Nor is it to say that effort to verify such cause, by itself, is sufficient to indicate the employment to be other than at will. But, we do say that such actions may be considered in interpretation of the ambiguous handbook language to determine if appellee has fettered its right to discharge appellant at any time and without cause by handbook provisions which

" * * * create an expectation on the part of an employee that they will be followed, and they induced [employee] to continue his employment with [employer]. [Thus securing] * * * 'an orderly, cooperative and loyal work force.' * * *" *Mobil Coal Producing, Inc. v. Parks,* 704 P.2d at 707.

Under the facts of this case, and considering the handbook as a whole[4], as we must, appellant's employment by appellee was not an at will employment, and the discharge could be only for cause.

The material for consideration by the trial court in connection with the motion for summary judgment created an issue of fact as to the existence of cause for discharge. Appellee submitted affidavits and exhibits to evidence the fact that appellant spent substantial portions of working days in bars and taverns consuming alcoholic beverages and that he transacted company business and drove company vehicles while doing so. Such was designated as the cause for his discharge. In his affidavit, appellant evidenced that he did not have specific hours to work, that he did not conduct company business after drinking alcoholic beverages, and that his drinking of such was done only after completing his work for the day.

Under the standard by which we review summary judgments, supra, there was sufficient indication before the court of the existence of a genuine issue of a material fact to prevent a summary judgment.

Reversed and remanded.

---

4. See *Mobil Coal Producing, Inc. v. Parks,* supra, and cases cited therein holding that an employer's personnel manual or handbook may constitute a term of employment contract.