930 F.2d 922
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Lloyd T. SOLON, an individual, Plaintiff-Appellant,
v.
BETHLEHEM STEEL CORPORATION, a Delaware corporation,
Defendant-Appellee.
 No. 89-8062.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1991.
 
 Before HOLLOWAY and TACHA, Circuit Judges, and BRETT, District Judge.*
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 Appellant Lloyd Solon appeals the district court's grant of summary judgment in favor of Appellee Bethlehem Steel Corporation. Appellant sued Bethlehem for wrongful termination, alleging breach of contract, malicious conspiracy and interference with employment, breach of a covenant of good faith and fair dealing, negligent and intentional infliction of emotional distress, and promissory estoppel. The district court found these claims unavailing because Appellant was an at-will employee, and the Wyoming courts do not recognize any of these theories in the at-will employment context. We affirm for substantially the reasons given by the district court.
 
 
 2
 We review the district court's summary judgment decision de novo. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). "We will affirm a grant of summary judgment if it is clear from the record that there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law." Wilner v. Budig, 848 F.2d 1032, 1033-34 (10th Cir.1988), cert. denied, 488 U.S. 1031 (1989). The movant must show beyond a reasonable doubt that she is entitled to summary judgment, and we review the record in the light most favorable to the opposing party. Ewing v. Amoco Oil Co., 823 F.2d 1432, 1437 (10th Cir.1987).
 
 
 3
 There is no dispute that Appellant was hired for an indefinite term. Under Wyoming law, employees hired for an indefinite term are terminable at will. Rompf v. John Q. Hammons Hotels, Inc., 685 P.2d 25, 27 (Wyo.1984). At-will employees may be terminated at any time without cause. Id.
 
 
 4
 Appellant contends that his initial status as an at-will employee was altered by one or more circumstances. First, he argues that a clause in Appellee's operations manual established a requirement of cause for termination. We disagree. The language in the manual does not convert his at-will status to "for cause." The language merely states that when an employee is discharged, the manager of sales should be consulted unless there is "a very good reason" not to consult the manager. We recognize that some language in employment handbooks can convert at-will employment to "for cause" employment. See, e.g., McDonald v. Mobil Coal Producing, Inc., 789 P.2d 866, 870 (Wyo.1990); Leithead v. American Colloid Co., 721 P.2d 1059, 1062-63 (Wyo.1986). This language unequivocally does not.[1]
 
 
 5
 Second, Appellant asserts his termination constituted a violation by Appellee of a putative covenant of good faith and fair dealing. Appellant notes the Wyoming Supreme Court has reserved a decision on whether a covenant of good faith and fair dealing should be implied in at-will employment contracts. See, e.g., Nelson v. Crimson Enters., Inc., 777 P.2d 73, 76 n. 3 (Wyo.1989). The Nelson court cited cases that recognized such a covenant where, for example, discharge was motivated by a desire to prevent an at-will employee from profit-sharing or collecting commissions to which she was entitled by contract. Id. (citing, inter alia, Mitford v. de Lasala, 666 P.2d 1000 (Alaska 1983); Fortune v. National Cash Register Co., 364 N.E.2d 1251 (Mass.1977)).
 
 
 6
 Such considerations are absent here. Construing Appellant's pleadings liberally in his favor, we find no allegations that remove this case from the class of at-will terminations in which the Wyoming Supreme Court has refused to imply a covenant of good faith. See, e.g., McDonald, 789 P.2d 866; Mobil Coal Producing, Inc. v. Parks, 704 P.2d 702 (Wyo.1985); cf. McCullough v. Golden Rule Ins. Co., 789 P.2d 855 (Wyo.1990) (recognizing covenant of good faith and fair dealing in insurance contracts because they are a "special class[ ]" of contract). Moreover, the Wyoming Supreme Court more recently stated: "In an at-will employment situation, either party may terminate the relationship for any reason at any time without incurring liability and without violating any implied covenant of good faith and fair dealing." McDonald, 789 P.2d at 869 (citing, inter alia, Nelson, 777 P.2d 73). We are thus convinced this covenant is not recognized under Wyoming law and the Wyoming Supreme Court would not extend the law in this case.
 
 
 7
 Finally, Appellant contends "appellee is promissorily estopped." This contention is based in part on Appellee's alleged failure to follow certain provisions relating to substance abuse in the manual. We hold, however, that the drug policy announced in the manual does not support Appellant's promissory estoppel theory.
 
 
 8
 The Wyoming Supreme Court has held that where a manual promises certain procedures prior to termination and an employee relies on the availability of these procedures, the presence of the procedures can convert at-will employment to "for cause" employment. See McDonald, 789 P.2d at 869-70; Mobil Coal, 704 P.2d at 707. The McDonald court formulated a three-part test:
 
 
 9
 [A]n employee is entitled to enforce a representation in an employee handbook if he can demonstrate that: (1) The employer should have reasonably expected the employee to consider the representation as a commitment from the employer; (2) the employee reasonably relied upon the representation to his detriment; and (3) injustice can only be avoided by enforcement of [the] representation.
 
 
 10
 789 P.2d at 870.
 
 
 11
 Here, the manual stated Bethlehem would accord employees desiring treatment for drug problems "confidentiality," "fair treatment," and "appropriate corrective action." Appellant states no factual allegation showing either his reliance on these promises or even a breach of these promises. Appellant denies he had a drug abuse problem; therefore, he cannot invoke procedures for treatment of drug abuse problems as a basis for a promissory estoppel theory. Moreover, the handbook does not promise at-will employees would not be required to take drug tests. Indeed, the handbook clearly enunciates a strong policy of maintaining a drug-free workplace. Hence, Appellant might reasonably have anticipated measures to detect workplace drug use, and Appellant cites no facts indicating he was unfairly singled out to be tested. In sum, Appellant cannot rely on promises of "appropriate corrective action" if he denies the need for such action, and he cannot argue these promises in any way rendered him a permanent employee.
 
 
 12
 The district court also addressed Appellant's promissory estoppel theory relating to conversion of his status from at-will to "for cause" based on Appellee's alleged oral representations that Appellant could retain his job as long as he performed well. The district court found this promise did not make Appellant a permanent employee because it did not promise a definite term of employment. We agree. The statements Appellant cites do not rise to the level of promises from which anyone could reasonably infer a promise of permanent employment. Even by their own terms, these avowals did not intimate a definite term of employment and thus did not alter Appellant's at-will status.
 
 
 13
 Because Appellant's termination was not wrongful, his remaining claims involving wrongful interference with employment and infliction of emotional distress must also fail. Finding Appellee entitled to judgment as a matter of law, we AFFIRM.
 
 
 
 *
 The Honorable Thomas R. Brett, District Judge, United States District Court for the Northern District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Citing Alexander v. Phillips Oil Co., 707 P.2d 1385 (Wyo.1985), Appellant argues that Appellee's attempts to articulate a cause for Solon's discharge suggest that he could only be discharged for cause. The Alexander court stated that an employer's attempts to establish cause for termination "may be considered in interpretation of ambiguous handbook language." Id. at 1389. Because the language in Appellee's manual is unambiguous, however, Alexander is inapposite