989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wayne G. KEMPKE, Plaintiff-Appellee,
v.
ENRON GAS PROCESSING COMPANY, Defendant-Appellant.
 No. 92-8010.
 United States Court of Appeals, Tenth Circuit.
 March 16, 1993.
 
 Before TACHA, SETH and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 This appeal requires a determination of whether an employment contract arose between an employer and employee, changing the status of the employment from terminable at will to terminable for cause, and if so, whether the employee was terminated for cause. Appellee Wayne G. Kempke filed a suit in the United States District Court for the District of Wyoming, alleging that his employment with Appellant Enron Gas Processing Company had been wrongfully terminated. The jury found in favor of Appellee, and after denying Appellant's motions for new trial, judgment notwithstanding the verdict, and remittitur of judgment, the district court entered a judgment on the jury verdict. Appellant appeals the denial of the motions. We reverse.
 
 
 2
 On appeal, the Company contends that the district court erroneously denied its motions for directed verdict and judgment notwithstanding the verdict, on the basis that (1) Appellee was an employee at will; and (2) Appellee was terminated for cause. Alternatively, Appellant claims that the district court erred in denying its motion for new trial on the grounds that the jury ignored uncontroverted evidence regarding the cause of termination. Because we find that Appellee's employment at will was not changed by the course of dealing between the Company and Appellee, we do not reach the question of whether Appellee was terminated for cause.
 
 
 3
 Our standard of review for motions for directed verdict and judgment notwithstanding the verdict is the same: our review is de novo, First Sec. Bank of Beaver, Okla. v. Taylor, 964 F.2d 1053, 1055 (10th Cir.), and we may find error in the denial of such a motion "only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party for whom the jury found; we must construe the evidence and inferences most favorably to the nonmoving party." Zimmerman v. First Federal Sav. & Loan Ass'n, 848 F.2d 1047, 1051 (10th Cir.).
 
 
 4
 The facts of this case are as follows. Appellee worked in Appellant's Bushton, Kansas plant beginning in 1959. He received promotions every three or four years, working his way up from maintenance person to shift supervisor.
 
 
 5
 In 1979, when Appellant opened a new plant in Wyoming, the Painter plant, it asked Appellee if he would consider taking the position of plant manager of the Painter plant. Appellee declined the offer. David Pratt became manager of the Painter plant in 1979, and in 1986 Randy Vohries became assistant plant manager. David Pratt was subsequently promoted in 1987, and moved to the Houston office, and Randy Vohries became plant manager. Appellant again requested that Appellee consider a position in the Painter plant, this time as assistant plant manager. David Pratt, George Rood, Vice President of Operations, and Tom Liewer, Director of the Rocky Mountain Region, told Appellee that Randy Vohries would not retain the position of plant manager for very long, and that in a couple of years Appellee would hold the plant manager position. Appellee accepted the offer of the move and promotion.
 
 
 6
 At trial, Appellee argued that under two theories his at will employment had been changed to terminable only for cause. One was under a theory of promissory estoppel. He argued that the employee handbook made certain representations to the employees regarding the Company's corrective discipline and fair treatment policies, and it was estopped from avoiding adherence to those representations. Appellee alternatively argued that the oral representations made to him by officials of Appellant created an express contract.
 
 
 7
 On appeal, the Company argues that in the case on which Appellee relied for its promissory estoppel theory, McDonald v. Mobil Coal Producing, Inc., 789 P.2d 866 (Wyo.) [McDonald I ], the promissory estoppel theory was adopted by only two of five judges. On rehearing, the Wyoming Supreme Court did not discuss the promissory estoppel theory, and instead relied on the theory that an employee handbook can create a contract that modifies employment at will. McDonald v. Mobil Coal Producing, Inc., 820 P.2d 986 (Wyo.) [McDonald II ]. The Company argues that after the rehearing, the previous opinion was withdrawn and has no effect since it was not readopted by the court. Therefore, it argues the promissory estoppel doctrine for employment cases is not recognized in Wyoming case law. We need not decide this issue, for Appellee does not contest the Company's arguments. Under Fed.R.Civ.P. 8(d), averments in a pleading to which a responsive pleading is required are admitted if not denied.
 
 
 8
 Rather than responding to Appellant's challenge to the promissory estoppel argument, Appellee urges on this appeal the more common theory of recovery in McDonald II, that the employee handbook itself could create a contract. However, this theory is not available to Appellee in this court because after the Appellee closed his case at trial, the district court judge raised this theory of recovery, which had not previously been advanced by Appellee. The district court stated that the Wyoming Supreme Court had held that the language of an employee handbook can create a contract. Leithead v. American Colloid Co., 721 P.2d 1059 (Wyo.); Alexander v. Phillips Oil Co., 707 P.2d 1385 (Wyo.); Mobil Coal Producing, Inc. v. Parks, 704 P.2d 702 (Wyo.). Appellee then moved to amend the complaint to conform to the evidence that a contract was formed by the employee manual. The district court denied the motion noting that it was not an issue in the case until the court mentioned it. Therefore, Appellee cannot now advance his case on this theory.
 
 
 9
 Appellee further contends that by not objecting to the evidence admitted at trial which supports the contract theory, the Company impliedly consented to the issue under Fed.R.Civ.P. 15(b). Appellee argues that when an issue is tried by implied consent, the original complaint is treated as if amended to incorporate claims and allegations supported by the issues actually tried. R.A. Pohl Constr. Co. v. Marshall, 640 F.2d 266, 267 (10th Cir.). However, Appellee ignores the fact that the evidence which supports the contract theory also supports his promissory estoppel theory raised at trial, and there was no indication at trial that he had intended to raise a new issue. Thus, Appellant cannot be said to have consented to trial on the contract theory. Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 457 (10th Cir.).
 
 
 10
 The second theory presented at trial, which both parties have appropriately raised on appeal, is that the oral representations of the employees of Appellant gave rise to a binding contract. The evidence and inferences most favorable to Appellee support a finding that Appellant's officials orally represented to Appellee that he would be promoted to plant manager in two years, and these representations led Appellee to accept the position of assistant plant manager.
 
 
 11
 The district court relied on Larson v. Kreiser's, Inc., 472 N.W.2d 761 (S.D.), holding that the oral representations of promotion created an employment contract which could be terminated only for good cause. The district court further stated that Appellant's conduct caused expectations in Appellee which generated implied terms of an employment contract.
 
 
 12
 We think that the Larson case does not correctly state the law of Wyoming. In Wyoming, employment for an indefinite period of time has historically been terminable at will. Rompf v. John Q. Hammons Hotels, Inc., 685 P.2d 25, 27 (Wyo.). Wyoming has adopted an exception to this rule, discussed above, that an employer's personnel manual may constitute an implied term of an employment contract. Leithead, 721 P.2d at 1062; Alexander, 707 P.2d at 1386; Parks, 704 P.2d at 704. However, the Wyoming courts have not taken the position of the Larson case that a representation of promotion without more will give rise to an employment contract that is terminable only for cause.
 
 
 13
 In Allen v. Safeway Stores Inc., 699 P.2d 277 (Wyo.), the plaintiff alleged that his employment agreement with Safeway included the understanding that at the end of three years, he and his wife would have an opportunity to return to Salt Lake City and continue their employment with Safeway. The Wyoming Supreme Court stated:
 
 
 14
 "Subjective understandings and expectations do not establish an employment contract with a definite term of duration.... Specific provisions in an employment contract, other than one fixing a definite term of employment, do not make the contract other than one terminable at will."
 
 
 15
 Allen, 699 P.2d at 282 (citation omitted). The only term of the "contract" in this case is a promise to promote within two years. Under Wyoming law, this is insufficient to change the employment to terminable only for cause.
 
 
 16
 Appellee further relies on McDonald II for the establishment of a contract. In McDonald II, the Wyoming Supreme Court adopted the "objective theory" of contract formation stated in the Restatement (Second) of Contracts § 21 (1979). The court stated:
 
 
 17
 "[C]ontractual obligation is imposed not on the basis of the subjective intent of the parties, but rather upon the outward manifestations of a party's assent sufficient to create reasonable reliance by the other party."
 
 
 18
 McDonald II, 820 P.2d at 990. The facts of the case, even when construed most favorably to Appellee, indicate only that a promise to promote was made. Appellant made no other manifestations of assent to modify the terms of Appellee's at will employment that were sufficient to create reasonable reliance by Appellee. Even under the "objective theory," a terminable for cause employment contract was not formed.
 
 
 19
 Because we find that the employment agreement between Appellant and Appellee remained terminable at will, we do not reach the issue of whether Appellee was terminated for cause.
 
 
 20
 Accordingly, the order of the District Court for the District of Wyoming is REVERSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3