[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff claims that, after eight years of employment as a graphic designer, the defendant (hereinafter Aetna) wrongfully discharged him on June 12, 1991. In his CT Page 47 complaint he bases his entire case on the claim that Aetna violated his employment contract by terminating his employment without complying with the provisions of the Personal Policies and Procedures Manual (P.P.P.) which provided for investigation written warning and disciplinary suspensions under these circumstances prior to termination." This allegation is denied.
 I
It is apparent that Mr. DaCosta's discharge was the result of a vast company-wide reorganization which resulted in the elimination of 2,600 jobs. The procedure has been described as "down-sizing," and there was in it no reflection on the plaintiff or his conduct. Rather, employees were eliminated on the basis of a competency-selection process as described in defendant's Exhibit No. 12.
Mr. DaCosta was first employed by Aetna in 1983. So far as appears he has never presented a behavior or attendance problem, nor was there any assertion of improper conduct. In spite of this, he claims that Aetna should have complied with the P.P.P. Manual, which provided for investigation, written warning, and disciplinary suspensions. This is known as Progressive Discipline and is described in defendant's Exhibit No. 13. It affords a process to address an employee's performance and attendance problems and to support employees in their efforts to improve performance, to issue warnings and to maintain a record of the employees progress. If the situation does not improve, the employee is placed on probation, etc. When the probationary period ends, a determination is made as to the action to be taken, be it demotion, transfer or termination (p. 14-2).
In view of the plaintiff's apparently blameless record, it is difficult to conclude that progressive discipline and probation were appropriate. Instead, one looks elsewhere in the Manual. See Exhibit 13 p. 15-16. This provides for employees whose jobs have been eliminated through reorganization. There is no claim that this provision was violated. However, it appears to be more applicable to the plaintiff's case. It has been held that an employer is not liable for terminating an employee in a reduction in force without following disciplinary procedures. Cox v. ResilientFlooring Div. of Congoleum Corp., 638 F. Sup. 726, 733; RompfCT Page 48v. John O. Hammons Hotels (Wyo.) 685 P.2d 25, 29.
 II
Aetna resorts to the general rule that common law employees may be discharged at the will of the employer.Coelho v. Posi-Seal Int'l Inc., 208 Conn. 106, 118. As the plaintiff points out in his brief, however, our Supreme Court in Finley v. Aetna Life Casualty Co., 202 Conn. 90, indicated that personnel manuals may give rise to express or implied contracts. It did go on to say, however, that by including an appropriate disclaimer of the intent to enter into a contractual commitment, our employer can protect itself from contract claims based on statements made in employment handbooks.
In the case of Aetna those were two handbooks involved. The more elaborate one was the P.P. P., which the plaintiff never saw which was made available for supervisory personnel. It was not distributed to the employees as a whole. In such a situation the P.P. P. cannot be the basis of a contract because the plaintiff never saw it. See Carbone v. AtlanticRichfield Co., 204 Conn. 460, 472; Tobias Montgomery Ward Co.
(Minn.), 362 N.W.2d 380, 381-2.
The second handbook, Working With You, was distributed to the plaintiff and all employees. During the course of Mr. DaCosta's employment, this manual was revised from time to time and distributed to the employees. The 1986 edition included a contract disclaimer. The language stated in part: "The language used in this handbook is not intended to create . . . a contract between the company and any one or all of its employees." Subsequent editions of Working With You
contained similar language.
It is noted that the disclaimer provision was not included in Working With You at the time the plaintiff was first hired in 1983. It is well settled that handbooks may from time to time be modified or eliminated. Pine River StateBank v. Mettille, 333 N.W. Ed. 622 (Minn.); Chambers v. ValleyNat. Bank, 721 F. Sup. 1128, 1131-32. These cases indicate that an employee may become bound by disclaimers added after he was hired, where he continued to work after they were added to the handbook. Accordingly, there appears to be no contract in effect in this case. CT Page 49
 III
On the basis of the above considerations it is concluded that progressive discipline with probation was not appropriate where termination is based on a reduction in force. It is further concluded that no binding contract on the terms claimed by the plaintiff was in effect.
Judgment may enter in favor of the defendant.