Mark GRIESS and Robert Pate, Petitioners,

v.

CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, Steve Lindner, and Does I and II, Respondents.

No. 89–19.

Supreme Court of Wyoming.

July 5, 1989.

Bernard Q. Phelan, Cheyenne, for petitioners.

George Santini of Graves, Santini & Villemez, Cheyenne, for Wyoming Trial Lawyers Associations, Amicus Curiae Committee in support of position of petitioners.

George Zunker of Sullivan & Zunker, Cheyenne, and Lee Dale (argued) and Gilbert M. Roman of Sherman & Howard, Denver, Colo., for respondents.

Before CARDINE, C.J., and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

CARDINE, Chief Justice.

We are presented with the following certified question from the United States Court of Appeals, Tenth Circuit:

"Whether Wyoming law provides an employee, injured in the course of his employment, a cause of action against his employer for retaliatory discharge based upon a violation of the State's public policy, where the employer discharges the employee as a result of the employee's worker's compensation claim and where the employee is not covered by the terms of a collective bargaining agreement."

We answer this question in the affirmative.

The following facts are taken from the certification order. Mark Griess and Robert Pate were employed by Consolidated Freightways (CF) as part-time or "casual" dockworkers. Griess and Pate were injured in separate accidents involving a forklift while working for CF and were told by CF that they would not be called back to work if they filed worker's compensation claims. Ignoring this warning, both filed claims. CF removed their names from the list of available workers.

Griess and Pate filed suit in Wyoming state court, alleging retaliatory discharge in violation of state public policy and culpable negligence on the part of coworkers. CF removed the action to federal district court, which granted summary judgment to defendants. Griess and Pate appealed from the summary judgment, and the federal circuit court of appeals certified the aforementioned question to this court.

## DISCUSSION

The historic rule in Wyoming has been that employment for an indefinite period may be terminated by either party at any time and for any reason without incurring liability. *Rompf v. John Q. Hammons Hotels, Inc.*, 685 P.2d 25, 27 (Wyo.1984). We have previously discussed the availability

of a tort action for retaliatory discharge as an exception to the general rule of "at will" employment. In *Allen v. Safeway Stores, Inc.*, 699 P.2d 277, 284 (Wyo.1985) we said:

> "A tort action premised on violation of public policy results from a recognition that allowing a discharge to go unredressed would leave a valuable social policy to go unvindicated. If there exists another remedy for violation of the social policy which resulted in the discharge of the employee, there is no need for a court-imposed separate tort action premised on public policy."

While in Allen we declined to recognize a cause of action for retaliatory discharge where another remedy was available, we noted that the case did not involve "discharge in retaliation for filing worker's compensation claims." *Allen*, 699 P.2d at 284; see also *Rompf*, 685 P.2d 25, 27–28, n. 1.

In the present case, another remedy is not available, and recognition of an action in tort will protect the exercise of statutory rights and vindicate the public policy expressed in Wyoming's constitution and statutes. Thus, Art. 19, § 7 of the Wyoming constitution provides:

> "It shall be unlawful for any person, company or corporation, to require of its servants or employes as a condition of their employment, or otherwise, any contract or agreement whereby such person, company or corporation shall be released or discharged from liability or responsibility, on account of personal injuries received by such servants or employes * * *."

Article 10, § 4 of the Wyoming constitution provides in pertinent part:

> "Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void. As to all extrahazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation * * *. The right of each employee to compensation from the fund shall be in lieu of and shall take the place of

any and all rights of action against any employer contributing as required by law to the fund in favor of any person or persons by reason of the injuries or death."

Wyoming Statute § 27–14–104(b) provides:

> "No contract, rule, regulation or device shall operate to relieve an employer from any liability created by this act except as otherwise provided by this act."

While these provisions do not directly address retaliatory discharge, they do evidence a strong public policy favoring unfettered exercise of the right to compensation for work-related injuries through the worker's compensation system. If employers could penalize employees for exercising statutory rights to compensation, this public policy would be defeated. Fear of discharge would chill the exercise of a statutory right. Faced with a choice between receiving compensation and continuing their employment, many employees might choose the latter, thus reducing the number of claims filed. This reduction would directly affect the liability of the employer for premium payments, since under the Wyoming statutory scheme premium calculation is based in part on the number of claims paid. W.S. 27–14–201. Actions by an employer which are intended to discourage valid compensation claims in order to reduce the employer's liability for premiums violate the public policy expressed by W.S. 27–14–104(b), quoted above.

Appellees argue that a tort remedy to vindicate this public policy is precluded by the portion of W.S. 27–14–104(a) which states that remedies under the act "are in lieu of all other rights and remedies * * *." The contention is that the employee has a single cause of action under worker's compensation with all other claims being barred by the act. The complete language of that section, however, when read in context, compels the opposite conclusion:

> "The rights and remedies provided in this act for an employee and his dependents *for injuries* incurred in extrahazardous employments are in lieu of all other rights and remedies against any employer making contributions required by this

act * * *." W.S. 27–14–104(a). (emphasis added)

The term "injury" as used in the act is defined in W.S. 27–14–102(a)(xi). The statutory definition of injury generally is stated as "harmful change in the human organism"; it does not encompass the discharge itself from employment. Therefore, a tort action for retaliatory discharge is not precluded by the statute, since it is not a "remedy" for an "injury incurred" in employment as defined by the statute.

We have been cautious about approving tort actions which might interfere with the traditional rule of "at will" employment. See, e.g., *Allen*, 699 P.2d 277; *Rompf*, 685 P.2d 25. However, in the unique situation presented here, where a strong public policy is embodied in the worker's compensation statutes and the constitution and no other remedy is available, an exception to the doctrine of "at will" employment is justified.

We hold that a person whose employment is terminated for exercising rights under the worker's compensation statutes and who is not covered by the terms of a collective bargaining agreement has a cause of action in tort against the employer for damages.