**Kerry DRAKE and Kelly Flores,
Appellants (Plaintiffs),**

v.

**CHEYENNE NEWSPAPERS,
INCORPORATED, Appellee
(Defendant).**

No. 94–133.

Supreme Court of Wyoming.

March 7, 1995.

Rodger McDaniel of Law Offices of Rodger McDaniel, Cheyenne, for appellants.

Loyd E. Smith of Lathrop & Rutledge, Cheyenne, L. Michael Zinser and Michael E. Heston of Zinser and Domina, Nashville, TN, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Kerry Drake and Kelly Flores (appellants) filed this action alleging that Cheyenne Newspapers, Inc. (Newspaper) wrongfully terminated their employment. The district court dismissed the complaint for failure to state a claim for relief pursuant to W.R.C.P. 12(b)(6), and appeal is taken.

Appellants present the following issues:

1. Does Wyoming recognize the protection of free speech as an important public policy in the context of the public policy exception to the "at will" employment doctrine.

2. May an employer discharge an employee who refuses the employer's directive to state the employer's opinion as though it were his own.

3. May an employer discharge his employees in retaliation for exercising legitimate free speech.

4. Are the Plaintiffs unable to prove any set of facts under which they would be entitled to relief on Count II of their complaint alleging a breach of the covenant of good faith and fair dealing.

5. Are the Plaintiffs unable to prove any set of facts under which they would be entitled to relief on Count III of their complaint alleging a breach of contract.

The Newspaper presents a single issue:

Whether the allegations of all three counts of Plaintiffs' Complaint fail to state a claim upon which relief can be granted?

## FACTS

Appellants were employed by the Newspaper's editorial division without the benefit of a written employment contract. In August of 1993, the Communications Workers of America sought to unionize the editorial division of the Newspaper. The NLRB ruled that appellants were employed in management positions; therefore, they were not included within the proposed bargaining unit.

The Newspaper actively opposed the unionization effort. As part of its campaign, the Newspaper required each member of its managerial staff to wear buttons urging a "no" vote on the union. After a brief period of time, appellants informed the Newspaper that they could not, in good conscience, wear the buttons. In response, the Newspaper suspended appellants indefinitely without pay. Ultimately appellants were fired.

Appellants filed an action in state district court, which the Newspaper removed to federal district court. That court later remanded the case back to state court. In their complaint, appellants filed claims for retaliatory discharge in violation of public policy, breach of the covenant of good faith and fair dealing and breach of the employment contract. The Newspaper filed a motion to dismiss pursuant to W.R.C.P. 12(b)(6), which the district court granted. Appellants now appeal.

## DISCUSSION

■ Wyoming is an at-will employment state, which means that when employment is for an indefinite period of time, either party may terminate the employment relationship at any time and for any reason, or for no reason at all. *Wilder v. Cody Country Chamber of Commerce,* 868 P.2d 211, 217 (Wyo.1994). We have previously recognized an exception to the general rule of at-will employment in the context of a tort action for retaliatory discharge if the action is premised on a violation of public policy. *Allen v. Safeway Stores, Inc.,* 699 P.2d 277, 284 (Wyo.

1985); *Griess v. Consolidated Freightways Corp.*, 776 P.2d 752, 753 (Wyo.1989) (an action in tort for retaliatory discharge allowed if the employee is discharged for filing a claim for worker's compensation).

Count I of appellants' First Amended Complaint alleges that the right to free speech found in the Wyoming Constitution at Art. 1, § 20 represents an important public policy. Appellants claim that public policy was violated by the Newspaper when it terminated appellants' employment because they exercised their right of free speech by refusing to wear the anti-union buttons.

Appellants' claim is predicated upon their contention that the free speech clause of the Wyoming Constitution does not require state action. Article 1, § 20 of our constitution provides:

**Freedom of speech and press; libel; truth a defense.**—Every person may freely speak, write and publish on all subjects, being responsible for the abuse of that right; and in all trials for libel, both civil and criminal, the truth, when published with good intent and [for] justifiable ends, shall be a sufficient defense, the jury having the right to determine the facts and the law, under direction of the court.

Appellants' position is that since the Wyoming Constitution, unlike the federal, does not specifically require state action, they may maintain a cause of action against a private entity for a violation of their free speech rights.

In *Allen*, this court's opinion implied that, in certain situations, an employee might have a cause of action if he is discharged for exercising his free speech rights. *Allen*, 699 P.2d at 282–84. However, we also noted that the right to free speech is not absolute. *Id.*, at 283. One of the restrictions on the right to free speech is that the right does not, generally, extend to private property. *Lloyd Corp., Ltd. v. Tanner*, 407 U.S. 551, 567–70, 92 S.Ct. 2219, 2228–29, 33 L.Ed.2d 131 (1972); *cf. PruneYard Shopping Center v. Robins*, 447 U.S. 74, 85–88, 100 S.Ct. 2035, 2043–44, 64 L.Ed.2d 741 (1980). Even in the context of a labor dispute, the right of free speech on private property, including picketing, is limited. *Hudgens v. N.L.R.B.*, 424 U.S. 507, 520–22, 96 S.Ct. 1029, 1036–37, 47 L.Ed.2d 196 (1976).

■ Terminating an at-will employee for exercising his right to free speech by refusing to follow a legal directive of an employer on the employer's premises during working hours does not violate public policy.[1] The fact that irony exists in this case because the employer purports to be an advocate of free speech does not create a public policy exception to at-will employment.

■ Count II of appellants' First Amended Complaint alleges that the Newspaper breached the covenant of good faith and fair dealing. The district court dismissed Count II stating that pursuant to the criteria set forth by this court in *Wilder v. Cody Country Chamber of Commerce*, 868 P.2d 211, appellants failed to state a claim upon which relief could be granted.

We stated in *Wilder:*

"A tort, however, requires the presence of a duty created by law, not merely a duty created by contract; and, although a duty of good faith and fair dealing is created by law in all cases, it is only in rare and exceptional cases that the duty is of such a nature as to give rise to tort liability. The kind of breach of duty that brings into play the bad faith tort arises only when there are special relationships between the tort-victim and the tort-feasor * * *." The special relationship necessary to permit recovery is not established merely by the employer-employee relationship.

*Wilder*, at 221 (*quoting K Mart Corp. v. Ponsock*, 103 Nev. 39, 732 P.2d 1364, 1370 (1987)).

Appellants assert that a special relationship existed with the Newspaper because of longevity of employment; that the Newspaper was successful in removing them from the bargaining unit, thereby depriving them of the protections of federal law; and because the Newspaper is uniquely protected by free speech, they believed they would not

1. In an unpublished opinion, the Tennessee Court of Appeals reached the same conclusion. *Rigsby v. Murray Ohio Mfg. Co.*, 1991 WL 95710 (Tenn.App.1991).

be terminated for exercising their right of free speech. The problem with appellants' argument is that they allege their termination was solely because they refused to wear a campaign button—an act the Newspaper could legally ask them to do. No other allegations of unconscionable acts by the Newspaper were alleged.

The First Amended Complaint in fact states that appellants were informed by the Newspaper that if they refused to wear the button, it would result in their dismissal from employment. Appellants' reliance, therefore, on a special relationship after being informed of their imminent termination was misplaced. The district court correctly found that no cause of action existed upon which relief could be granted.

■ Finally, as to Count III alleging the existence of an oral contract, appellants' complaint does not allege an explicit promise by the Newspaper that they would be terminated only for cause, but rather that a practice existed of progressive discipline before termination. The mere allegation of an employment practice is nothing more than a subjective expectation. Subjective understandings and expectations do not establish an employment contract provision. *Allen v. Safeway Stores*, 699 P.2d 277; *Anglemyer v. Hamilton County Hosp.*, 1994 WL 409618 (Kan. 1994).

### CONCLUSION

No claim was alleged upon which relief could be granted.

Affirmed.