**GENERAL CHEMICAL CORPORATION,**
Appellant (Petitioner),

v.

**UNEMPLOYMENT INSURANCE COM-
MISSION, DIVISION OF UNEMPLOY-
MENT INSURANCE, DEPARTMENT
OF EMPLOYMENT,** Appellee (Respondent)

and

**Patrick Senstock, et al., Appellees**
(Claimants).

No. 94–240.

Supreme Court of Wyoming.

Nov. 16, 1995.

Alan B. Minier of Rothgerber, Appel, Powers & Johnson, Cheyenne, for Appellant.

Joseph B. Meyer, Attorney General, Cheyenne, and Joe Scott, Senior Assistant Attorney General, Casper, for Appellee.

Michael D. Newman of Honaker, Hampton & Newman, Rock Springs, for Claimants.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

TAYLOR, Justice.

The Wyoming Department of Employment, Unemployment Insurance Commission awarded unemployment benefits to workers engaged in a strike. The Unemployment Insurance Commission concluded that the strike did not cause a disqualifying "work stoppage" since the employer's business activities were not substantially curtailed. We disagree with the conclusion that "work stoppage" refers to the employer's activities. We find that "work stoppage" refers to a worker's decision to withhold his or her services.

## I. ISSUES

Appellant, General Chemical Corporation (General Chemical), presents the following issue for review:

A. Did the Unemployment Insurance Commission act arbitrarily, capriciously, or otherwise unlawfully within the meaning of W.S. § 16–3–114(c) in reversing its Examiner's decision, and ruling that the striking claimants engaged in a strike are not disqualified from receiving benefits under W.S. § 27–3–313(a)(i)?

Appellee, the Department of Employment, Unemployment Insurance Commission (Commission), states the issue as:

Whether the decision of the Unemployment Insurance Commission that Patrick Senstock and the other claimants should

not be disqualified from unemployment benefits because their unemployment was not due to a work stoppage resulting from a labor dispute is arbitrary, capricious, unreasonable or characterized by an abuse of discretion?

Claimants, Patrick Senstock, et. al. (striking workers), state the issue as:

1. Did the Unemployment Insurance Commission act arbitrary, capricious, abuse its discretion, or otherwise fail to act in accordance with law in awarding striking employees benefits in light of the Wyoming Employment Security Laws labor dispute disqualification provision contained in W.S. § 27–3–313(a)(i)?

## II. FACTS

Striking workers from General Chemical's trona-mine and soda ash processing plant in Sweetwater County, Wyoming filed for and were paid unemployment benefits. General Chemical appealed the unemployment benefits award to the Department of Employment, Employment Resources Division. An appeals examiner reversed the prior decision and disqualified the striking workers from receiving unemployment benefits. Under the Commission's rules, the workers then filed an appeal with the Commission. The Commission reversed the appeals examiner's decision and awarded benefits based on the fact that the strike did not substantially curtail General Chemical's business operation. Concluding that "work stoppage" referred to the employer's business operation and not the workers' decision to withhold their labor, the Commission awarded benefits. General Chemical filed a Petition for Review of Administrative Action with the district court. The district court certified the case to this court pursuant to W.R.A.P. 12.09(b).

## III. DISCUSSION

■ When a case has been certified to this court pursuant to W.R.A.P. 12.09(b), we apply the appellate standards which are applicable to the reviewing court of the first instance. *Hepp v. State ex rel. Wyoming Workers' Compensation Div.*, 881 P.2d 1076, 1077 (Wyo.1994). The substantial evidence standard will be applied when reviewing an administrative agency's findings of fact. Wyo.Stat. § 16–3–114(c)(ii)(E) (1990). The facts in this case are not in dispute and the only issue before us is a question of law. Thus, the Commission's decision will be reversed if it constitutes an abuse of discretion or if it is not in accordance with the law. *Devous v. Wyoming State Bd. of Medical Examiners*, 845 P.2d 408, 414 (Wyo.1993). The issue presented is whether the phrase, "work stoppage," as that phrase is used in Wyo.Stat. § 27–3–313(a)(i) (Cum.Supp.1995), refers to a worker's decision to stop working as a result of a labor dispute. Rules of statutory construction require us to look to the legislative intent, as manifested in the plain language of the statute, when determining the meaning of a statute. *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n*, 845 P.2d 1040, 1042 (Wyo.1993).

Wyo.Stat. § 27–3–313(a)(i) provides, in pertinent part:

(a) For any week with respect to which the following situations occur or payments have been or will be received, an individual shall be disqualified from benefit entitlement if:

(i) Total or part total unemployment for any week is due to work stoppage resulting from a labor dispute on the employment premises at which he was last employed.

■ The plain meaning of this statute reveals that an individual is not entitled to unemployment benefits if his unemployment is due to work stoppage resulting from a labor dispute. The limiting phrase, "on the employment premises," extends to the last antecedent, "a labor dispute." Thus, the "labor dispute" must occur on the "employment premises" in order to trigger the exclusion. However, the same is not true of the more distant antecedent, "work stoppage." In other words, the "work stoppage" referred to in Wyo.Stat. § 27–3–313(a)(i) is not the stoppage of work on the employer's premises. Rather, for reasons expressed below, we conclude that the phrase, "work stoppage," refers to a striking worker's decision to withhold his or her labor. *Board of Review v. Mid–Continent Petroleum Corp.*, 193 Okla.

**382**

36, 141 P.2d 69, 75–76 (1943), Davison, J., specially concurring.

We agree with the Oklahoma Supreme Court that the word "work" is ordinarily associated with an individual's actions rather than the operation of an employer's business. *Id.*, 141 P.2d at 72. This analysis reinforces our conclusion that unemployment due to work stoppage is unemployment brought about by a worker's decision to stop working as a result of a labor dispute and does not refer to a cessation of operations at the employer's work place. *Id.* We hold that a worker who stops working as a result of a labor dispute is not entitled to draw unemployment benefits. *Id.*

We are aware that other courts have concluded that the phrase, "work stoppage," refers to a cessation or curtailment of the employer's activities. *See* Thomas J. Goger, Annotation, *Construction of Phrase "Stoppage of Work" in Statutory Provision Denying Unemployment Compensation Benefits During Stoppage Resulting From Labor Dispute,* 61 A.L.R.3d 693, § 3 (1975). However, this is not the result intended by the Wyoming legislature. To the contrary, the passage of Wyo.Stat. § 27–3–313(a)(i) is reflective of an intention to exclude striking workers from coverage under the unemployment compensation laws. Under the plain language of the statute, the striking workers in this case are not entitled to receive unemployment benefits.

Wyoming is a right to work state and an employment at will state. *See* Wyo.Stat. §§ 27–7–109 through 27–7–115 (1991) and *Lincoln v. Wackenhut Corp.,* 867 P.2d 701, 703 (Wyo.1994). These doctrines highlight the voluntary nature of employment relationships in Wyoming. Further, the Wyoming Employment Security Law is intended to provide unemployment reserves for individuals who become involuntarily unemployed. *See* Wyo.Stat. § 27–3–311(a)(i) (Cum.Supp. 1995) (disqualifying applicants who voluntarily leave work without good cause).

A striking worker is not involuntarily unemployed. A striking worker is voluntarily withholding his labor in the hope that his or her employer will make certain concessions with regard to the worker's terms of employ-ment. The involuntarily unemployed are the intended beneficiaries of unemployment compensation funds in this state. This policy, combined with the voluntary nature of employment relationships in Wyoming, compels us to conclude that the legislature intended to disqualify striking workers under the unemployment compensation scheme. Therefore, we hold that the phrase, "work stoppage," as that phrase is used in Wyo.Stat. § 27–3–313(a)(i), refers to a worker's decision to stop working.

## IV. CONCLUSION

The decision of the Commission to reverse the appeals examiner's decision denying benefits is vacated and the matter is remanded to the district court with instructions to enter an order to that effect.