Stan HERMRECK, Appellant (Plaintiff),

v.

UNITED PARCEL SERVICE, INC., Appellee (Defendant).

No. 96–128.

Supreme Court of Wyoming.

June 12, 1997.

Bernard Q. Phelan, of Phelan Law Offices, Cheyenne, for Appellant.

Steven K. Sharpe and Stephen N. Goodrich, of Nicholas Law Offices, LLC, Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

The only issue to be resolved in this case is whether a public policy exception to the employment at will doctrine can be invoked to challenge the termination of an employee whose employment was subject to a collective bargaining agreement. Stan Hermreck (Hermreck) was discharged from his position as a driver for United Parcel Service (UPS) for dishonesty in filling out his time cards. Hermreck filed a grievance pursuant to the collective bargaining agreement, and the grievance panel that heard the matter upheld the discharge. Hermreck then filed this action against UPS alleging that his discharge was wrongful because it was in retaliation for his reporting of violations of the Wyoming Occupational Safety & Health Act by UPS. He also sought to recover for intentional infliction of emotional distress. The district court ruled that the wrongful discharge claim was foreclosed because a public policy exception to the employment at will doctrine cannot be invoked if the position is covered by a collective bargaining agreement, and Hermreck had not demonstrated the requisite degree of severe emotional distress to justify a trial on that claim for relief. The district court also ruled that the claim could not be maintained because Hermreck had failed to pursue other available remedies. A summary judgment was entered in favor of UPS, which we affirm.

In the Brief of Appellant, Hermreck states that the issues are:

1. Does the existence of a grievance process in a collective bargaining agreement provide "another remedy" precluding an action for wrongful discharge in violation of public policy?

2. Does the existence of a complaint procedure contained in an administrative regulation provide "another remedy" precluding an action for wrongful discharge in violation of public policy?

3. Is a state law claim for wrongful discharge in violation of the public policy stated in a case where the Surface Transportation Assistance Act sets forth public policy?

In the Brief of Appellee United Parcel Service, Inc., the issues to be resolved are stated in this way:

1. Whether the district court properly granted summary judgment to Appellee United Parcel Service, Inc. on Appellant's claim of retaliatory discharge in violation of public policy, because:

   A. The "public policy exception" to the at will employment doctrine has no application to employees, like Appellant, who are not at will and who are protected by the terms of a collective bargaining agreement;

   B. Even if the "public policy exception" applied regardless of employment status, the grievance and hearing remedy in the collective bargaining agreement provides "another remedy" to Appellant, precluding his cause of action;

   C. The Wyoming Occupational Health and Safety Act, the Occupational Safety and Health Act of 1970, and the Surface Transportation Assistance Act of 1982 also provide Appellant with "other remedies," precluding his cause of action; and

   D. Appellant's retaliatory discharge claim is barred by a one year statute of limitations?

Hermreck was employed as a truck driver for UPS for nearly thirteen years. On January 7, 1994 UPS terminated Hermreck's employment after it was discovered that Hermreck had manipulated his time cards from January 3, 1994 to January 6, 1994. When he was discharged, Hermreck was a member of a union, and his employment was subject to the terms of a collective bargaining agreement between UPS and Hermreck's labor organization. The collective bargaining agreement provided Hermreck with the right to file a grievance and have a hearing to contest the decision by UPS to terminate him. Hermreck did file a grievance and sought a hearing on his discharge.

Approximately one month after Hermreck was discharged, a grievance panel, composed of both union and company representatives, held a hearing on the grievance that Hermreck filed. To support its claim that "just cause" existed for Hermreck's termination, UPS introduced evidence that Hermreck had been followed between January 3, 1994 and January 6, 1994 for the purpose of monitoring his work activities. The evidence established that Hermreck had been discharged after UPS discovered discrepancies between his time card and the time that UPS actually observed him performing his duties of employment. The evidence also demonstrated that Hermreck failed to record breaks during this time period. The hearing record contains nothing relating to a claim of retaliatory discharge. At the conclusion of that hearing, the grievance panel upheld the decision by UPS to terminate Hermreck, ruling that just cause did exist for his termination and that UPS had not violated the collective bargaining agreement.

■ The only claim that Hermreck argues in his brief is that the district court erred in granting a summary judgment to UPS on his claim of retaliatory discharge in violation of public policy. He does not challenge the dismissal of his claim for the tort of intentional infliction of emotional distress. In the absence of any claim of error, briefing or argument, we hold that the dismissal of the claim of intentional infliction of emotional distress has been conceded by Hermreck, and the district court's ruling on that action stands. *Weston County Hosp. Joint Powers Bd. v. Westates Construction Co.*, 841 P.2d 841, 850 (Wyo.1992); *Epple v. Clark*, 804 P.2d 678, 681 (Wyo.1991); *Prazma v. Kaehne*, 768 P.2d 586, 588 (Wyo.1989), *citing Zanetti v. Zanetti*, 689 P.2d 1116, 1123 (Wyo. 1984).

■ The only issue for us to determine is whether any error was committed by the district court in granting a summary judgment to UPS. The summary judgment was premised upon the ruling by the district court that the claim for retaliatory discharge presented by Hermreck was foreclosed because a public policy exception based upon the employment at will doctrine is not available in an instance such as this in which the employment is covered by a collective bargaining agreement. In *Brinkman v. State*, 224 Mont. 238, 729 P.2d 1301 (1986), the Supreme Court of Montana, relying upon its earlier case of *Small v. McRae*, 200 Mont. 497, 651 P.2d 982 (1982), and federal cases,

held that Brinkman's claim that he was discharged in violation of public policy did not further a state interest that would transcend the policy of supporting the employment contract (*Brinkman* was overruled to the extent "that it holds that a state-law claim is preempted merely because resolution of such a claim requires the same analysis of the facts as the contractual determination of just cause under the collective bargaining agreement." *Foster v. Albertsons, Inc.*, 254 Mont. 117, 835 P.2d 720, 726 (1992)). The Montana court pointed out that a contrary ruling would permit the employee to circumvent the remedies provided by the collective bargaining agreement. *See Magnan v. Anaconda Industries, Inc.*, 193 Conn. 558, 479 A.2d 781, 785 (1984).

■ Our standard of review on a motion for summary judgment is well established. Summary judgment is appropriate when there exists no genuine issues as to any material fact, and the prevailing party is entitled to judgment as a matter of law. *Davis v. Black Hills Trucking, Inc.*, 929 P.2d 532, 533–534 (Wyo.1996); *Woodard v. Cook Ford Sales, Inc.*, 927 P.2d 1168, 1169 (Wyo. 1996); *Fowler v. Westair Enterprises, Inc.*, 906 P.2d 1053, 1055 (Wyo.1995); *see also* WYO. R. CIV. P. 56(c). We do not accord any deference to the decision of the district court on issues of law. *Matter of North Laramie Land Co.*, 605 P.2d 367, 373 (Wyo. 1980); *Griess v. Office of the Atty. Gen., Div. of Criminal Investigation*, 932 P.2d 734, 736 (Wyo.1997). Our jurisprudential standard requires us to examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which fairly may be drawn from the record. *Smith v. Throckmartin*, 893 P.2d 712, 714 (Wyo.1995), *quoting Baros v. Wells*, 780 P.2d 341, 342 (Wyo.1989).

■ In Wyoming, a tort action for retaliatory discharge can be recognized even when the contract of employment is "at will." *Dynan v. Rocky Mountain Federal Sav. & Loan*, 792 P.2d 631 (Wyo.1990); *Allen v. Safeway Stores, Inc.*, 699 P.2d 277 (Wyo. 1985). The tort remedy is justified by the proposition that permitting the discharge

would result in allowing a violation of public policy to go unredressed. This dynamic requires us to recognize that we should not permit the infringement of a valuable social policy to occur without vindication. *Griess v. Consolidated Freightways Corp. of Delaware*, 776 P.2d 752, 753 (Wyo.1989), *quoting Allen*, 699 P.2d at 284.

We have held, however, that when another remedy exists to redress the violation of social policy that resulted in the employee's discharge, then no need exists for a court imposed separate tort action premised on the violation of public policy. *Allen*, 699 P.2d at 284. Hermreck was employed pursuant to the terms of a collective bargaining agreement. When such an agreement exists, Hermreck is not an "at will" employee, but his employment instead is subject to the terms of the contract. This collective bargaining agreement provided him with the opportunity to file a grievance and have a hearing to seek vindication of his rights because of an unlawful termination. As we stated in *Dynan*, 792 P.2d at 640, *quoting Wehr v. Burroughs Corp.*, 438 F.Supp. 1052, 1055 (E.D.Pa.1977) (emphasis added):

> " 'It is clear then that the whole rationale undergirding the public policy exception is the vindication or the protection of certain strong policies of the community. If these policies or goals are preserved by other remedies, then the public policy is sufficiently served. Therefore, application of the public policy exception requires two factors: (1) that the discharge violate some well-established public policy; and (2) **that there be no remedy to protect the interest of the aggrieved employee or society.**' " *Allen*, 699 P.2d at 284.

When an employee, like Hermreck, enjoys a remedy pursuant to a collective bargaining agreement, the societal interest can be protected by asserting retaliatory discharge in the grievance process, and we should not permit avoidance of the collective bargaining grievance process by an independent action.

■ Hermreck did have an available remedy to protect not only his interests, but also the interests of society with respect to an unlawful termination in violation of public policy. Under the circumstances, the invoca-

tion of an exception to the employment at will general rule would not be appropriate. Where an employment contract is present, there does not exist any necessity for invoking a separate action for the tort of retaliatory discharge as to vindicate public policy.[1] We hold that no error was committed by the district court in its Order Granting Summary Judgment.

The Order Granting Summary Judgment entered in the trial court is affirmed.

1. UPS asserts that other state and federal statutes furnish Hermreck with alternative remedies to a claim of retaliatory discharge. In particular, UPS cites: (1) the Wyoming Occupational Health & Safety Act, Wyo. Stat. §§ 27–11–101, et seq.; (2) the federal Occupational Safety & Health Act, 29 U.S.C. §§ 651 et seq. (1970); and (3) the federal Surface Transportation Assistance Act, 49 U.S.C.App. §§ 2301 et seq. (1982). Since we hold that the collective bargaining agreement provided the appropriate alternative and available remedy to Hermreck for the alleged wrongful discharge, we do not address whether these statutes, or any of them, constitute an alternative remedy.