Hubert TOWNSEND, Appellant (Plaintiff),

v.

LIVING CENTERS ROCKY MOUNTAIN, INC., a Nevada corporation, d/b/a Living Centers of America, Donna Schulz and Marge Ingalls, Appellees (Defendants).

No. 97–75.

Supreme Court of Wyoming.

Nov. 13, 1997.

James P. Castberg, Sheridan, for Appellant.

Dennis M. Kirvin of Kirven and Kirven, P.C., Buffalo, for Appellees Living Centers of America and Donna Schulz.

Barry D. Epstein of Miles & Epstein, P.C., Denver Colorado, for Appellee Living Centers Rocky Mountain Inc.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

The employment of appellant Hubert Townsend was terminated following allegations of sexual harassment. Conceding that he was an at-will employee, Townsend nevertheless brought suit for wrongful termination under the theories of civil conspiracy, tort, and breach of the covenant of good faith and fair dealing against his employer, appellee Living Centers Rocky Mountain, Inc. (Living Centers). The court ruled that these causes of action are not recognized in Wyoming and granted summary judgment to appellees.

We affirm.

## ISSUES

Townsend presents these issues:

There are genuine issues as to material facts which preclude the granting of the Appellees' Motion for Summary Judgment under Rule 56(c) W.R.C.P. on the Appellant's cause of action for Civil Conspiracy and Wrongful Termination.

There are genuine issues of material facts which preclude the granting of the Appellees' Motion for Summary Judgment under Rule 56(c) W.R.C.P. on the Appellant's cause of action for Prima Facie Tort.

Living Centers presents these issues:

A. Did the district court properly grant appellee's motion for summary judgment under Rule 56(c), W.R.C.P., on appellant's claims of civil conspiracy and prima facie tort in a wrongful termination case?

B. Is there no reasonable cause for appeal and should appellees be awarded their attorneys' fees and costs under Rule 10.05 W.R.A.P.?

## FACTS

Living Centers owns and operates the Sheridan Manor which is a nursing care facility located in Sheridan, Wyoming. Donna Schulz is the administrator of the Sheridan Manor, and Marge Ingalls was the director of nursing during Townsend's employment. Townsend was hired as a registered nurse on October 27, 1993, and, as set out by an employee handbook, began a probationary period for the first ninety days. As a probationary employee, Townsend was an at-will employee. On December 16, 1993, four female employees reported a number of incidents they claimed constituted sexual harassment and which involved Townsend. Ingalls suspended Townsend, and on December 20, Townsend was notified that his employment would be terminated. He responded in writing specifically referencing the incidents. He also requested that he be allowed to face his accusers and to know the names of his accusers. Ingalls refused to divulge that information, and Schulz approved Townsend's termination, which was effective on December 23, 1993.

Townsend filed suit, alleging in his complaint civil conspiracy to cause wrongful termination, wrongful termination, punitive damages for willful and wanton civil conspiracy and wrongful termination, and prima facie tort for wrongful termination of Townsend's employment in a tortious manner. In granting summary judgment, the district court ruled that wrongful termination and these torts were not recognized in Wyoming, and the facts of this case did not constitute those torts. This appeal followed.

## DISCUSSION

As can be seen from the precise wording in Townsend's complaint, the dispositive issue in this case is whether or not Wyoming will recognize the claims of civil conspiracy or prima facie tort as theories of recovery for an employment termination. Our standard of review for these questions of law is de novo.

■ Generally in Wyoming, only contract remedies are available to provide relief for wrongful terminations, and tort remedies are rarely available in the employment context. For an at-will employee, a breach of contract action is not available, and the only tort remedies available to date are breach of the implied covenant of good faith and fair dealing which was recognized in *Wilder v. Cody Country Ch. of Commerce*, 868 P.2d 211, 221 (Wyo.1994), the tort of intentional infliction of emotional distress recognized in *Leithead v. American Colloid*, 721 P.2d 1059, 1066 (Wyo.1986), and, as recognized in *Griess v. Consolidated Freightways Corp.*, 776 P.2d 752, 754 (Wyo.1989), and *Allen v. Safeway Stores, Inc.*, 699 P.2d 277, 284 (Wyo.1985), a cause of action for retaliatory discharge which violates the State's public policy when no other remedy is available.

The at-will employment rule is derived from the common law. *Wilder*, 868 P.2d at 217. We have recognized that the common law is based upon experience, and a court can and should modify it to meet changing conditions. *Nulle v. Gillette–Campbell Fire Bd.*, 797 P.2d 1171, 1173 (Wyo.1990). This Court has modified or abandoned the common law on issues of interspousal tort immunity, parental tort immunity, recovery for loss of spousal and parental consortium, negligent infliction of emotional distress, off-premises liability of a lessee, and classifications of tort plaintiffs in landowner liability cases.[1] In determining whether or not to recognize a new cause of action, our decisions usually evaluate whether developments in the law agree with the policies which have guided us and upon which our precedent is based. *See Ortega*, 902 P.2d at 204; *Nulle*, 797 P.2d at 1173; *Gates*, 719 P.2d at 196.

■ Our jurisprudence in the employment context has developed from the premise that the stability of the business community is our primary consideration and that stability is best served by applying contract principles in the employment context. Based on that fundamental precept we have produced the rule that, unless an express or implied contract states or establishes otherwise, all employment is a contract for at-will employment. *Brodie v. General Chemical Corp.*, 934 P.2d 1263, 1265 (Wyo.1997). An at-will employee can be terminated for any or no reason at all. *Id.* The at-will employment rule offers no remedy to an employee who has been arbitrarily or improperly discharged and has suffered adverse effects on his or her economic and social status regardless of how devastating those effects actually were. Stability in the business community is preserved because, at least at the state level, employers' and employees' decisions remain subject only to the express or implied contracts into which they have voluntarily entered or subject to statute. The tort actions available to an at-will employee rarely apply as they serve only to protect extraordinary benefits or public policy as set by the State.

■ Recognizing the torts of civil conspiracy or prima facie tort as actionable for employment terminations would not further the policies just described, but would, in fact, destabilize our jurisprudence. Accordingly, we affirm the grant of summary judgment to appellees on the basis that Wyoming does not recognize these causes of action.

■ Living Centers contends this appeal was presented without cogent argument and was frivolous and meritless. It refers to *Osborn v. Warner*, 694 P.2d 730 (Wyo.1985), for the rule that there was no reasonable

---

1. *Ortega v. Flaim*, 902 P.2d 199 (Wyo.1995) (refusal to abrogate common law rule of landlord immunity); *Tader v. Tader*, 737 P.2d 1065 (Wyo. 1987) (abrogating common law rule of interspousal tort immunity); *Dellapenta v. Dellapenta*, 838 P.2d 1153 (Wyo.1992) (abrogating common law rule of parental tort immunity); *Weaver v. Mitchell*, 715 P.2d 1361 (Wyo.1986) (rejecting common law rule denying recovery for loss of spousal consortium); *Nulle v. Gillette–Campbell Fire Bd.*, 797 P.2d 1171 (Wyo.1990) (rejecting common law rule denying recovery for claim for loss of parental consortium); *Gates v. Richardson*, 719 P.2d 193 (Wyo.1986) (rejecting common law rule denying a family member recovery of damages for the negligent infliction of emotional distress); *Mostert v. CBL & Assoc.*, 741 P.2d 1090 (Wyo.1987) (rejecting common law rule that a landowner has no duty to warn an invitee of risks off the landowner's premises); and *Clarke v. Beckwith*, 858 P.2d 293 (Wyo.1993) (rejecting the common law classifications of invitee and licensee and ruling that landowners owed a duty of reasonable care).

cause for a frivolous appeal and requests attorney fees and costs as permitted by WYO. R.APP. P. 10.05. We generally decline to grant sanctions under this rule. *See Amen, Inc. v. Barnard,* 938 P.2d 855, 858 (Wyo. 1997). Heretofore, we had not expressly rejected these theories of recovery and decline to certify that there was no reasonable cause for appeal pursuant to Rule 10.05.