**William D. VanLENTE, Appellant (Plaintiff),**

v.

**UNIVERSITY OF WYOMING RESEARCH CORPORATION, d/b/a Western Research Institute Corporation; and James G. Speight, Appellees (Defendants).**

No. 98–73.

Supreme Court of Wyoming.

March 26, 1999.

Rehearing Denied April 7, 1999.

Bernard Q. Phelan, Cheyenne, Wyoming, Representing Appellant.

Bruce B. Waters of Brown, Nagel, Waters & Hiser, LLC, Laramie, Wyoming, Representing Appellees.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and TAYLOR,* JJ.

THOMAS, Justice.

William D. VanLente (VanLente) presents as his primary claim for relief the proposition that this Court should recognize a contract remedy for an at-will employee based upon breach of the implied covenant of good faith and fair dealing in the employment relationship. The district court entered a summary judgment in favor of the University of Wyoming Research Corporation, d/b/a Western Research Institute Corporation (the Institute), and James G. Speight (Speight), ruling that such a claim for relief is not recognized in Wyoming law. As a secondary issue, VanLente asserts that genuine issues of material fact exist relative to the existence of a special relationship between him and the Institute which would support his tort claim for breach of the implied covenant of good faith and fair dealing. We hold that the district court did not err since there is no contract remedy available to VanLente based upon breach of the implied covenant of good faith and fair dealing, and the record does not suffice to demonstrate a genuine issue of material fact as to the existence of a special relationship. The Order Granting Defendants' Motion for Summary Judgment is affirmed.

In the Brief of Appellant, filed on behalf of VanLente, the issues are stated as:

### A.

Should Wyoming recognize a cause of action for contractual breach of the implied covenant of good faith in a wrongful discharge case where the termination is contrary to justifiable expectations of the employee and there is evidence of dishonesty in fact?

* Retired November 2, 1998.

### B.

Was there a genuine issue of fact regarding the existence of a special relationship, improper motive and dishonesty in fact precluding summary judgment?

The issues are restated in this way in the Brief of Appellees, filed on behalf of the Institute and Speight:

1. The District Court properly applied Wyoming law in determining that the proposed Amendment to Plaintiff[']s Complaint would not affect the outcome of Defendants' Motion for Summary Judgment.

2. The District Court properly granted Summary Judgment on Plaintiff[']s cause of action for tortious breach of the covenant of good faith and fair dealing.

When reviewing an order granting a summary judgment, this Court invokes the same standards that are applicable in the district court. We examine the record in the light most favorable to the party who opposed the motion, affording to that party all favorable inferences that can be drawn from the demonstrated facts. *40 North Corp. v. Morrell,* 964 P.2d 423, 426 (Wyo.1998) (*quoting Raymond v. Steen,* 882 P.2d 852, 856 (Wyo. 1994)); *Moore v. Lubnau,* 855 P.2d 1245, 1248 (Wyo.1993) (*quoting Zmijewski v. Wright,* 809 P.2d 280, 282 (Wyo.1991)). When the record is so considered, summary judgment is permissible only when there is no genuine issue as to any material fact, and the prevailing party is entitled to receive a judgment as a matter of law. *Ahearn v. Tri–County Federal Sav. Bank,* 948 P.2d 896, 897 (Wyo.1997); *Hermreck v. United Parcel Service, Inc.,* 938 P.2d 863, 866 (Wyo.1997); *Kirkwood v. CUNA Mut. Ins. Soc.,* 937 P.2d 206, 208 (Wyo.1997); *see also* W.R.C.P. 56(c).

Considering the record in the light of these rules of appellate jurisprudence, the facts that are material are relatively brief. VanLente had been employed by the Institute in the role of Human Resources Manager for a period of about nine years, and had successfully performed the duties of that position. VanLente described his position as a second level management position, and, in the course of his presentation to the district court, he explained that he had also assumed functions previously assigned to other department managers. VanLente claims that on three separate occasions he was threatened with losing his employment, or he perceived such a threat, if he did not comply with demands from Speight, the Institute's Chief Executive Officer, that he assist Speight in retaliating against an employee who had submitted a complaint under the Equal Employment Opportunity Act. VanLente asserted that his work environment became increasingly hostile, and he was overloaded with responsibility because of Speight's efforts to make him appear incompetent.

The matter came to a head in the summer of 1992 when the Institute conducted a reduction-in-force because of budgetary constraints. VanLente was discharged in the course of the reduction-in-force, and he asserts that Speight purposely included him in that action to carry out his previous threats to see that VanLente lost his position.

VanLente first sought recourse before the United States Equal Employment Opportunity Commission, and that effort resulted in an adverse determination with respect to VanLente's claims of violation of the Civil Rights Act of 1964 and the Age Discrimination and Employment Act. VanLente then filed an action in the United States District Court for the District of Wyoming, asserting that he was terminated from his employment primarily for his participation in the investigation and resolution of other employees' concerns about violations of fair employment laws. He sought reinstatement, the payment of back salary and benefits, costs, attorney's fees, and punitive and compensatory damages in the amount of two million dollars. That action was dismissed because of VanLente's failure to prosecute it. Approximately eight months after the federal court action was dismissed, VanLente filed this case in the District Court of the Second Judicial District of the State of Wyoming in and for Albany County.

The Institute and Speight answered VanLente's complaint, and following discovery, filed a Motion for Summary Judgment and/or Motion to Dismiss. The district court granted the motion for summary judgment in favor of the Institute and Speight. The ratio-

nale articulated in the decision letter of the district court was that VanLente, on the material facts as to which there was no genuine issue, had failed to establish the special relationship necessary to support a tort claim for a breach of the implied covenant of good faith and fair dealing, and although VanLente had offered to amend his complaint to include a breach of contract theory for violation of the implied covenant of good faith and fair dealing, the law of Wyoming did not recognize that remedy. With respect to the tort claim of intentional infliction of emotional harm, the district court ruled that the claim was premised upon conduct which occurred more than four years prior to the date of filing of the complaint and that the claim for intentional infliction of emotional distress was barred by the Wyoming statute of limitations. VanLente appeals from the Order Granting Defendants' Motion for Summary Judgment.

VanLente's major effort in his appeal is to persuade this Court to adopt a contract remedy for breach of the implied covenant of good faith and fair dealing in an employment contract. We are satisfied that the essential fallacy in VanLente's approach is that it constitutes an effort to invoke a contract remedy when there is no contract. Wyoming is an employment at-will state. *General Chemical Corp. v. Unemployment Ins. Com'n, Div. of Unemployment Ins., Dept. of Employment,* 906 P.2d 380, 382 (Wyo.1995); *Wilder v. Cody Country Chamber of Commerce,* 868 P.2d 211, 217 (Wyo.1994), and cases there cited. The effect of employment-at-will posture is that employers and employees are free to terminate the employment relationship at will, unless there is an express or implied contract created that establishes that the employee cannot be terminated except for cause. *Loghry v. Unicover Corp.,* 927 P.2d 706, 710 (Wyo.1996). VanLente made no attempt to demonstrate that either an express or implied contract had been created between him and the Institute. In his position as Human Resources Manager, VanLente must have been well aware of the pitfalls and potential benefits surrounding an express contract of employment, and yet the record does not disclose such an agreement. The essence of his argument here is that this Court should recognize a contract remedy which would result in acknowledging the existence of an express or implied contract when there is none.

■ Similar contentions have resulted in a series of decisions which hold that Wyoming does not recognize a contract remedy for a breach of the covenant of good faith and fair dealing. *Jewell v. North Big Horn Hosp. Dist.,* 953 P.2d 135, 139 (Wyo.1998); *Townsend v. Living Centers Rocky Mountain, Inc.,* 947 P.2d 1297, 1299 (Wyo.1997); *Loghry,* 927 P.2d at 711–12; *Hatfield v. Rochelle Coal Co.,* 813 P.2d 1308, 1309–10 (Wyo. 1991); *Leithead v. American Colloid Co.,* 721 P.2d 1059, 1064 (Wyo.1986). The result of our decisions is that an at-will employee who seeks relief for wrongful termination is limited to the tort remedies for breach of the implied covenant of good faith and fair dealing; intentional infliction of emotional distress; and retaliatory discharge contrary to the public policy of Wyoming. *Jewell,* 953 P.2d at 139.

The most appealing argument that might be presented on behalf of VanLente would be that relief is essential to vindicate the public policy of Wyoming following the theories articulated in *Griess v. Consolidated Freightways Corp. of Delaware,* 776 P.2d 752 (Wyo. 1989) and *Allen v. Safeway Stores, Inc.,* 699 P.2d 277 (Wyo.1985). VanLente has specifically disavowed any effort here to vindicate public policy. Even had he not disavowed such a claim for relief, he would encounter our rule that only when there are no other remedies available to vindicate public policy will this Court structure a remedy. *See Griess,* 776 P.2d at 753 (*quoting Allen,* 699 P.2d at 284). The record makes it clear that both proceedings before the federal Equal Employment Opportunity Commission and the United States District Court afforded to VanLente potential remedies that would have resulted in a vindication of any violation of public policy.

■ We adhere to our rule that we do not recognize the contract remedy for breach of an implied covenant of good faith and fair dealing for an at-will employee. The district court did not err in refusing to permit Van-

Lente's offered amendment of his complaint to assert that theory.

■ VanLente's second claim of error is based upon the contention that there were genuine issues of material fact with respect to the existence of a special relationship between him and the Institute. The district court ruled that the record did not disclose facts upon which a claim of a special relationship could be premised, and, therefore, summary judgment was entered against VanLente with respect to that cause of action. We established the law in Wyoming on the subject of a special relationship in *Wilder*, 868 P.2d at 221–22. We held that a breach of the implied covenant of good faith and fair dealing will be the premise for a tort action if a "special relationship of trust and reliance is demonstrated * * *." *Id.* at 222. The situations are rare in which such a special relationship exists when employment is at-will. Up to this time, no case has been presented to this Court in which the facts demonstrate the existence of the requisite special relationship. *Jewell*, 953 P.2d at 139.

VanLente worked for the Institute for a period of nine years in the position of Human Resources Manager. In *Wilder*, we held that mere longevity of service does not suffice to create the special relationship leading to the tort remedy. *Wilder*, 868 P.2d at 221–22. *Garcia v. UniWyo Federal Credit Union*, 920 P.2d 642, 646 (Wyo.1996), added another factor to the concept of the special relationship. There we ruled that usually such a special relationship can be found only in a "long term employment relationship coupled with a discharge calculated to avoid employer responsibilities to the employee * * *." *Id.* at 646. More recently, we said in *Loghry*, that the trust and reliance necessary to give rise to the existence of such a tort claim may be found by "the existence of separate consideration, common law, statutory rights, or rights accruing with longevity of service." *Loghry*, 927 P.2d at 712.

■ The record presented to this Court discloses that VanLente did not allege that he was terminated in violation of common law, statutory rights, or rights accruing with longevity of service. The only point that VanLente presented in his Response in Opposition to Motion for Summary Judgment was that he had a special relationship of trust and confidence that justified the invocation of the tort remedy. VanLente contends that the relationship was one of "trust and reciprocal confidence with regard to extremely sensitive human resource policy and employment matters * * *." The relationship articulated by VanLente is simply one that is inherent in the duties of a human resources manager. It, therefore, was no more than one of the functions with which he was tasked, and did not arise from any special relationship as we have defined it. Longevity, coupled with performance of job duties, is not sufficient to structure the special relationship required by *Wilder*. Further, the record does not disclose any effort on the part of VanLente to demonstrate that the termination was driven by some motive to deprive him of the potential benefits. In light of this record, the district court correctly entered summary judgment in favor of the Institute and Speight on the alleged tort remedy of breach of the implied covenant of good faith and fair dealing.

VanLente did not appeal the summary judgment on his alleged second cause of action of intentional infliction of emotional distress. The district court clearly was correct in invoking the statute of limitations found in Wyo. Stat. Ann. § 1–3–105 (Michie 1997). All of the events that VanLente asserts structured his emotional distress occurred more than four years prior to the filing of his complaint. Consequently, his claim for intentional infliction of emotional distress was time barred.

We do not choose to accept VanLente's invitation that we structure a contract remedy for breach of an implied covenant of good faith and fair dealing in an employment at-will situation where no contract is deemed to exist. We follow our precedent in this regard. The record clearly demonstrates that VanLente failed to present evidence that would suffice to structure a genuine issue of material fact with respect to his tort claim on

breach of an implied covenant of good faith and fair dealing. His other alleged cause of action was barred by the statute of limitations.

The Order Granting Defendants' Motion for Summary Judgment is affirmed.